Gabrielli, J.
This case presents questions as to the constitutional validity of sections 1002 and 1014 of the Real Property Tax Law (L. 1958, ch. 959) which, in pertinent part, provide as follows:
“ § 1002. Notice of Sale. — 1. The county treasurer shall at the time specified in section ten hundred of this chapter for the commencement of tax sale proceedings in his county, cause a notice of tax sale to be published at least once each week for six weeks in two newspapers designated for the publication of *247 the concurrent resolutions specifying a day at the expiration of the six weeks on which the sale will commence at the courthouse of the county.”
“ § 1014. Notice of Unredeemed Lands.—1. The county treasurer shall, at least three months before the expiration of the one year allowed for the redemption of lands sold by him for taxes, cause commencement of publication of a notice once a week for six successive weeks in the newspapers designated by the board of supervisors of the county for the publication of concurrent resolutions, such notice to contain a list of the lands in the county sold for taxes and unredeemed, specifying particularly every parcel unredeemed, the amount necessary to redeem the same computed to the last day in which such redemption can be made and stating that unless such lands are redeemed on or before such day they will be conveyed to the purchaser.”
Plaintiffs sought to have declared invalid a county tax deed delivered to respondent’s assignor, and which covered unimproved land situate in the Town of Wallkill, Orange County, and previously owned by plaintiffs who were residents of the City of Middletown. Because of a failure to pay the 1961 real property taxes, the county, pursuant to the mandate of section 1002 of the Real Property Tax Law, advertised the property for sale to satisfy the delinquent taxes, in two area newspapers in Warwick, N. Y. for six successive weeks, designated by the board of supervisors, as required by subdivision 2 of section 214 of the County Law, and pursuant to the provisions of section 1014 of the Real Property Tax Law.
The factual background is uncomplicated. Plaintiffs’ property had once before been sold for nonpayment of taxes in 1959, requiring them to redeem the property following similar tax sale advertising procedures. It is undisputed that plaintiffs had previously received notification of taxes due for other years and, while it is conceded that plaintiffs had not actually received the notice of redemption following the sale, there was evidence to indicate the county treasurer had mailed such a notice; and, of additional significance, there is no claim made that the county failed to comply with each and every requirement of these universally applied statutes, which have long been in existence and followed by the local jurisdictions throughout the State, and, indeed, upon which rest the validity of thousands of titles. Pur *248 thermore, there is no dispute concerning the statutory publication in the two newspapers for the required period of time, presumably in the same fashion as was done when the tax sale and redemption procedures were conducted for the previous delinquency.
Essentially, stress is laid by appellants taxpayers on the claim that the procedure followed by the county as required by the statutes (Real Property Tax Law, §§ 1002, 1014) was not calculated to give them (1) notice of the fact their property would be sold for nonpayment of taxes and (2) the notice of redemption, which thereafter would cut off their title.
As to this, we deem it appropriate to observe that it cannot be successfully claimed, and indeed appellants do not make any such claim that a personal or direct notice must be given to a taxpayer of an impending tax sale or of a notice of redemption.
We think it is well settled that indirect notice is sufficient to persons interested in property which is in default in payment of taxes. “ The land stands accountable to the demands of the State, and the owners are charged with the laws affecting it and the manner by which those demands may be enforced. (Huling v. Kaw [Val. Ry.], 130 U. S. 559). This accountability of the land and the knowledge the owners must be presumed to have had of the laws affecting it is an answer to the contention of the insufficiency of the service ” (Ballard v. Hunter, 204 U. S. 241, 254-255). No issue is presented regarding appellants’ knowledge that taxes were to be paid, nor, in fact, the consequences to be faced by nonpayment and, as this court stated in Matter of City of New York (801-815 E. New York Ave.), 290 N. Y. 236, 241, “ [o]nce a taxpayer has been thus protected . [i.e., by notice of and an opportunity to be heard with respect to the imposition of taxes] the due process clauses are not offended by summary statutory remedies for collection of ordinary taxes.” There is a dual purpose in prescribing that a tax sale be commenced by the publication of a notice in a particular manner. The first and important purpose is to notify delinquent taxpayers and the second is to furnish information to prospective purchasers, and, “ [s]o long as a taxpayer is given notice and a chance to be heard at some stage before taxes become an absolute lien upon his property, the due-process clause of the state and federal constitutions are not offended by summary *249 statutory remedies for collection of ordinary taxes ” (58 N. Y. Jur., Taxation, § 268, p. 287).
We are also persuaded by the holdings in North Laramie Land Co. v. Hoffman (268 U. S. 276) where a somewhat similar summary method of notice and sale was constitutionally approved, and the court (at p. 283) added that “ [t]his is especially the case with respect to those statutes relating to the taxation or condemnation of land. Such statutes are universally in force and are general in their application, facts of which the land owner must take account in providing for the management of his property and safeguarding his interest in it ”. (See, also, Leigh v. Green, 193 U. S. 79.) Similarly, other jurisdictions have held that indirect notice or notice by publication in such factual situations as herein described, satisfies the requirements of due process (e.g., Security Inv. Co. of Riverside v. Douglas, 76 Cal. App. 2d 592; Smith v. Green, 159 Fla. 319; Gathwright v. Mayor and City Council of Baltimore, 181 Md. 362; Legal Record Pub. Co. v. Auditor General, 281 Mich. 578; City of Newark v. Yeskel, 5 N. J. 313; Shapiro v. Hruby, 21 Ill. 2d 353; Sanchez v. James, 209 Md. 266).
In brief, the challenged sections (Real Property Tax Law, §§ 1002, 1014) are not constitutionally infirm.
We do not find the determinations in Mullane v. Central Hanover Trust Co. (339 U. S. 306), Schroeder v. City of New York (371 U. S. 208) or Smith v. City of New York (24 N Y 2d 782) as mandating a contrary conclusion from that which we reach herein. In these cases (none of which is a tax sale case) indirect notice by either publication or posting was held invalid for the reason that the individuals had no reason to expect that their property interests were being affected. Such is not the situation in the case before us.
In upholding the constitutionality of these two statutes we are not unmindful of the fact that when the Legislature enacted the provision regarding the selection of two newspapers for the purpose of advertising tax sales and notices of redemption, land ownership was much more parochial and there was a less mobile populace than now. We deem it advisable that the Legislature address itself to this problem and that these statutes be re-examined with the view that owners of property be afforded notice reasonably calculated to better apprise them of the pend- *250 ency of either a tax sale or of the final date of redemption. This task the courts ought not perform. To do so would be to remodel the law on such a scale which, as we believe, would be beyond judicial power (see F. T. B. Realty Corp. v. Goodman, 300 N. Y. 140, 148; People ex. rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48, cert. den. 256 U. S. 702).
The order should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Breitel, Jasex, Joxes and Waohtler.
Order affirmed.