**Audrey M. WAGER, on behalf of herself and all other persons similarly situated, Plaintiffs,**

v.

**Vincent LIND, Individually and in his capacity as County Treasurer and Commissioner of Finance for the County of Dutchess and Francis A. Limbach, Defendants.**

No. 74 Civ. 4859.

United States District Court, S. D. New York.

Jan. 15, 1975.

Mid-Hudson Valley Legal Services Project, Poughkeepsie, N.Y., for plaintiffs; John D. Gorman and John Kelly, Poughkeepsie, N.Y., of counsel.

O'Donnell & O'Donnell, Poughkeepsie, N.Y., for defendant Limbach; Gary R. Palmer, Poughkeepsie, N.Y., of counsel.

John J. Kennedy, County Atty., Dutchess County, for defendant Lind.

Louis J. Lefkowitz, Atty. Gen., State of New York, intervenor pro se; Robert S. Hammer, Asst. Atty. Gen., of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge.

In 1950, plaintiff Audrey Wager and her husband Robert, bought a piece of land as tenants by the entireties on East Dorsey Lane, Poughkeepsie. There they built a house in which they lived and raised seven children. In 1967, Robert died and his widow became sole owner of the property today worth some $15,000.00. In 1970, allegedly unemployed and supporting minor children on Social Securities Survivors Benefits, Mrs. Wager was unable to and did not pay real property taxes to the County in the amount of $174.02 for the year 1969. As a result, in November 1970, the Dutchess County Commissioner of Finance commenced tax sale proceedings against the property pursuant to N.Y. Real Property Tax Law § 1000 and caused a notice of sale of plaintiff's property to be published in two local newspapers once a week for six weeks, pursuant to the provisions of N.Y. Real Prop. Tax L. § 1002. On January 5, 1971, Mrs. Wager's $15,-000 home was sold to defendant Francis A. Limbach at a tax sale for the $174.02 owed by her to the County. Thereafter, pursuant to N.Y. Real Prop. Tax L. §§ 1010 and 1014, a notice of plaintiff's right to redeem the land by payment of back taxes plus interest and costs within one year from the date of tax sale was published for six weeks in the two local newspapers commencing September 16, 1971. On January 25, 1972, the Dutchess County Treasurer conveyed a deed to the property to Limbach. However, since Mrs. Wager's property was owner-occupied, under § 1022 she was entitled to an additional 24 months in which to redeem, which period could have been shortened to as little as six months had Limbach served a written notice upon plaintiff within the original twelve month redemption period. Limbach did not serve such a notice and Mrs. Wager did not redeem the property within the specified period.

Thereafter, on September 16, 1974, Limbach commenced an action in Supreme Court, Dutchess County to quiet title to the property, serving plaintiff personally with a summons and complaint. Mrs. Wager alleges that 1) this was the first time she had any knowledge whatsoever of a County tax sale with respect to her home, and 2) that she had no knowledge the State had the right under New York law to sell her property for a failure to pay taxes, or of any right to redeem during the procedure.[1] It is her position that for

---

[1]. These allegations are disputed, it being pointed out that 1) there were two redemptions of the property following tax sales during Mr. Wager's lifetime, and 2) after her husband's death in June 1967, a payment of arrears in September 1967 redeemed the property as did a payment of arrears in December 1969, following a January 1969 tax sale. It is also claimed that the County had a practice of sending all delinquent taxpayers a written notice of the forthcoming tax sale. Mrs. Wager responding to the forego-

the State to remove her from her $15,000 home for non-payment of a $174.02 tax bill with no actual notice to her and only notice by publication along with hundreds of other similar notices, deprives her of property without due process of law.

In this action Mrs. Wager seeks preliminary and permanent relief enjoining defendants Lind, the Treasurer and Commissioner of Finance of Dutchess County, and Limbach, the purchaser at the tax sale, from enforcing the provisions of N.Y. Real Prop. Tax L. §§ 1002, 1006, 1010, 1014 or 1022, with respect to her property on the ground that such sections violate her rights of due process under the Fourteenth Amendment to the United States Constitution. She also demands a declaration that the above sections are unconstitutional as to her and all others similarly situated. By this motion she seeks to convene a three-judge court in accordance with the provisions of 28 U.S.C. § 2281. Defendants oppose and move for dismissal of the complaint on the ground that plaintiff's complaint raises no substantial federal question on which to predicate federal jurisdiction in the light of Botens v. Aronauer, 32 N.Y.2d 243, 344 N.Y.S.2d 892, 298 N.E.2d 73, appeal dismissed for want of substantial federal question, 414 U.S. 1059, 94 S.Ct. 562, 38 L.Ed.2d 464 (1973). Upon a careful consideration of the many factors I believe relevant here, a substantial federal question does exist necessitating the convening of a three-judge court.

To be considered at the threshold is the effect which must be given to Botens v. Aronauer, *supra*. There, plaintiffs' unimproved land in Orange County, New York had been sold for non-payment of taxes after due publication of an advertisement of the tax sale in two newspapers. A notice of redemption had been thereafter also duly published and after the period of redemption had expired, the property was duly conveyed to the assignee of the purchaser's interest in the tax sale certificate. Plaintiffs sought to declare the tax deed invalid on the ground that they had not had notice of the proceedings and that the notice by publication as provided by Real Prop. Tax L. §§ 1002 and 1014 was not calculated to give them (1) notice of the fact their property would be sold for non-payment of taxes and (2) the notice of the period within which they could redeem, expiration of which would thereafter cut off their title.

The New York Court of Appeals rejected this constitutional attack, stating (32 N.Y.2d at 248, 344 N.Y.S.2d at 895, 298 N.E.2d at 74): "We think it is well settled that indirect notice is sufficient to persons interested in property which is in default in payment of taxes."

The record also reveals that the Botens had previously received notification of taxes due for prior years, and therefore were aware of the general procedures. The Supreme Court summarily dismissed the appeal asserting that no substantial federal question had been raised.

*Botens*, therefore, involved concededly knowledgeable plaintiffs, owners of unimproved land, who had previously redeemed after permitting it to become in default for taxes. That is arguably far different than this situation, in which it is alleged that a widow of modest background with minor children, financially

ing by affidavit, stated she knew nothing whatsoever about any matters touching the property while her husband was alive. As to her payments which effected "redemptions", she just thought she was paying the tax arrears that were due. In her own words she stated:

In December, 1969, I contacted the Town of Hyde Park by telephone and was told that because of the late date I should pay my taxes at the Dutchess County Building in Poughkeepsie rather than at the town offices. I did not question this procedure.

I was not informed by either the County or the Town that a tax sale had taken place, I assumed then as I did until September of this year [1974] that the only penalty for non-payment was the accrued interest on the tax bill.

She denied receiving any notice of any kind from the Dutchess County Commissioner of Finance at any time. For the purposes of this motion, I accept plaintiff's allegations as true. Goosby v. Osser, 409 U.S. 512, 521 n. 7, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).

unable to keep current with taxes in the years following the death of her husband, would, without actual notice to her,[2] lose the family's $15,000 home to a sharp-eyed buyer for $172.00.[3] Thus, while the Supreme Court's summary dismissal in *Botens* is binding authority upon me, Mercado v. Rockefeller, 502 F. 2d 666 (2d Cir.), cert. pending 43 U.S.L. W. 3257 (1974), I am not convinced—as I must be in order to dismiss the complaint without convening a three-judge court—that this one-sentence disposition of the *Botens* appeal from the New York Court of Appeals not merely renders Mrs. Wager's claim of doubtful or questionable merit but rather "inescapably renders [it] frivolous;" Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). I am not prepared to say that the Supreme Court in its summary dismissal did more than declare the lack of a substantial federal question on *the precise facts Botens presented to it.* I do not, and I am unwilling to conclude that the Supreme Court necessarily adopted the broadest legal implications of the New York State opinion.

I am fortified in this conclusion by the fact that New York law specifically distinguishes between land with an occupied home, such as that of Mrs. Wager and unimproved land such as that owned by the Botens. To that end, N.Y. Real Prop. Tax L. § 1022 provides an additional twenty-four months during which an owner-occupier can redeem his property and for a shortening of this additional period to six months only by means of written notice.

Finally, the development of the law, as revealed in relatively recent decisions of the Supreme Court, is increasingly to the effect that a person's property, real or personal, may not be taken following mere notice by publication when more effective alternative means of notice are readily available. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S. Ct. 652, 94 L.Ed. 865 (1950); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). Further, even under the facts before it, the New York Court of Appeals in *Botens,* observed that §§ 1002 and 1014 were laws passed when "land ownership was much more parochial and there was a less mobile populace than now . . ." and consequently had sufficient doubt as to the fairness of these laws to suggest their legislative re-examination.

In the light of all the foregoing, I conclude that upon plaintiff's allegations, her assertion that the New York tax sale procedures are an unconstitutional deprivation of her property without due process of law warrants the convening of a three-judge court. Finding that the Wager family would be irreparably injured by an eviction from their house pursuant to a judgment in favor of Limbach in the action in Supreme Court, Dutchess County entitled Limbach v. Wager, et al, Index No. 74/2812, I continue the present stay pending the hearing and determination hereof. Plaintiff's request to have the action proceed as a class action is denied.

It is so ordered.

---

2. The New York Court of Appeals in *Botens* in support of its conclusion quotes from Ballard v. Hunter, 204 U.S. 241, 27 S.Ct. 261, 51 L.Ed. 461 (1907):

> The land stands accountable to the demands of the State, and the owners are charged with the laws affecting it and the manner by which those demands may be enforced. (Huling v. Kaw [Val. Ry.], 130 U.S. 559, 9 S.Ct. 603, 32 L.Ed. 1045). This accountability of the land and the knowledge the owners must be presumed to have had of the laws affecting it is an answer to the contention of the insuffi-

ciency of the service. 32 N.Y.2d at 248, 344 N.Y.S.2d at 895, 298 N.E.2d at 74.

I question how realistic this presumption of knowledge of the laws affecting land, enunciated well over a half century ago, is as applied to a Mrs. Wager. Should she be expected to know? How is she to learn?

3. I note that Limbach did not send Mrs. Wager a written notice to shorten the additional twenty-four months redemption period to six months and thus endeavor to get the property earlier. Did he feel she was not aware of the proceeding and would thereupon come in and redeem?