Thomas M. Stark, J.
By petition verified on January 9, 1975, and superceded by an amended petition verified on January 20, 1975, petitioners Nydick and Lambert seek to prevent the Suffolk County Legislature from filling a vacancy which exists from the Eleventh Legislative District pursuant to section 206 of the Suffolk County Charter (L 1958, ch 278, as amd) on the ground that such section is unconstitutional and contrary to certain general laws of the State. The order bringing on the petition to be heard dated January 10, 1975, was amended by order of an Associate Justice of the Appellate Division dated January 13, 1975. The order as modified enjoined the County Legislature from seating any person as the representative from the Eleventh District until the hearing of the petition. Upon the argument of the petition the court *787 orally continued such injunction but modified it to the extent of permitting both claimants to the office to take and file their oath of office so that their respective appointments would not become ineffective pursuant to Public Officers Law (§ 30, subd 1, par h; § 13) during the pendency of these proceedings.
By petition verified on January 10, 1975, Michael Grant on behalf of the Suffolk County Legislature seeks to prohibit the Governor from appointing a legislator for the Eleventh District vacancy pursuant to subdivision 7 of section 400 of the County Law on the ground that such section has been super-ceded by section 206 of the Suffolk County Charter. Respondent Lambert contests the authority of Grant to commence such a proceeding without a resolution of the County Legislature. Respondent Carey interposes no technical objections to the petition and has appeared and answered on the merits by the Attorney-General. To cure such a technical defect, the court will sua sponte permit William E. Gerdts, the appointee of the Legislature to join as petitioner against the respondents Carey and Lambert.
These petitions were consolidated by the court for the purpose of argument and upon the argument of the petitions all parties agreed to waive any technical objections so that the court might directly reach the issue of law which is presented.
The issue is where a vacancy has occurred in the office of Suffolk County Legislator from the Eleventh Legislative District does the Governor have the authority to fill such vacancy pursuant to subdivision 7 of section 400 of the County Law or does the Suffolk County Legislature have such authority pursuant to subdivision (a) of section 206 of the Suffolk County Charter.
Subdivision (a) of section 206 of the Suffolk County Charter (L. 1958, ch 278, as amd by Local Laws, 1969, No. 16 of County of Suffolk, § 2) provides: "(a) If a vacancy occurs in the office of county legislator, otherwise than by expiration of the term, the county legislature shall fill the office within thirty days of the vacancy by appointment of a resident of the district who qualifies under section two hundred four to hold office as a county legislator.”
Section 400 of the County Law provides in appropriate part:
"§ 400. Officers; manner of selection; term; vacancies.
"1. Elective. There shall be elected a sheriff, county clerk, district attorney and county treasurer * * *
*788 "7. Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment and for the office of sheriff with the advice and consent of the senate if in session.”
Section 2 of article IX of the New York State Constitution in its provisions pertinent to this matter provides:
"(a) The legislature shall provide for the creation and organization of local governments in such manner as shall secure to them the rights, powers, privileges and immunities granted to them by this constitution.
"(b) Subject to the bill of rights of local governments and other applicable provisions of this constitution, the legislature:
"(1) Shall enact, and may from time to time amend, a statute of local governments granting to local governments powers including but not limited to those of local legislation and administration in addition to the powers vested in them by this article. * * *
"(c) * * * (ii) every local government shall have the power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
"(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees”.
Pursuant to these "home rule” provisions in the Constitution, the Legislature enacted the County Charter Law (Municipal Home Rule Law, art 4, part 1 [§§ 30-35]).
Subdivision 1 of section 33 of the Municipal Home Rule Law provides: "1. Subject to restrictions in the constitution, in this article or in any other applicable law, the board of supervisors of any county as defined in section thirty-two of this article and including but not limited to a county which has heretofore adopted a charter enacted by the legislature shall have power to prepare, adopt, amend or repeal a county charter.”
Petitioners Nydick and Lambert and respondent Carey (Attorney-General) contend that subdivision (a) of section 206 of *789 the Suffolk County Charter was ultra vires since it conflicts with subdivision 7 of section 400 of the County Law, a general law, and is, therefore, not a proper subject of local government legislation.
Article IX (§ 3, subd [d], par [1]) of the New York State Constitution defines a "general law” as: "A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.”
Subdivision 5 of section 2 of the Municipal Home Rule Law likewise defines a "general law” as: "A state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.”
In Johnson v Etkin (279 NY 1) Mr. Chief Justice Crane declared for the court that a statute permitting certain forms of local government organization was not a general law unless it was "binding” upon all the local governments of the class and not merely available to them as an option.
Section 33 of the Municipal Home Rule Law provides: "2. A county charter shall set forth the structure of the county government and the manner in which it is to function. Such charter may provide for the appointment of any county officers or their selection by any method of nomination and election, provided that there shall be an elective board of supervisors, the members of which shall be deemed county officers, which shall determine county policies and exercise such other functions as may be assigned to it.”
Since the Legislature has specifically permitted the "charter” counties to "provide for the appointment of any county officers”, section 400 of the County Law which appears to mandate election of certain county officers is not a general law within the meaning of the Constitution since it does not apply to all counties. (Cf. Johnson v Etkin, supra)
The Suffolk County Charter complies with subdivision 2 of section 33 of the Municipal Home Rule Law in that it does provide for an elected "board of supervisors”. Since the supervisors are county officers that section empowers the charter to provide for "their selection”.
Section 34 of the Municipal Home Rule Law states in appropriate part:
"1. The legislature hereby imposes the following limitations *790 on the powers of counties to prepare, adopt and amend county charters and charter laws * * *
"3. Except in accordance with provisions of this chapter or with other laws enacted by the legislature, a county charter or charter law shall not supersede any general or special law enacted by the legislature: * * *
"g. In this chapter or in the civil service law, condemnation law, conservation law, election law, executive law, judiciary law, labor law, local finance law, multiple dwelling law, multiple residence law, public authorities law, public housing law, public service law, railroad law, retirement and social security law, state finance law, volunteer firemen’s benefit law, or workmen’s compensation law.”
It is especially noteworthy that neither the County Law nor the Public Officers Law are included among the chapters which "charter” counties are prohibited from superseding.
Nor was the omission of the County Law an oversight. For the County Law itself provides (§ 2, subd [b]): "The provisions of this chapter insofar as they are in conflict with or in limitation of a provision of any alternative form of county government heretofore or hereafter adopted by a county pursuant to section two of article nine of the constitution, or any administrative code, county government law or civil divisions act enacted by the legislature and applicable to such county as now in force or hereafter amended, or in conflict with any local law heretofore or hereafter adopted by a county under an optional or alternative form of county government, shall not be applicable to the county, unless a contrary intent is expressly stated in this chapter.”
Similarly subdivision 3 of section 1001 of the County Law provides: "Nothing herein shall be deemed to affect, impair or supersede the provisions of any alternative form of county government, administrative code, county government law, civil divisions act or optional form of county government law, or any local law heretofore or hereafter adopted pursuant to any such optional or alternative form of county government, unless a contrary intent is expressly provided in this chapter.”
Nowhere in either section 400 or article 8 of the County Law is there any express statement that such section or article is to be superior to any alternate county government law.
Accordingly the court finds that section 400 of the County *791 Law is not a general law within the meaning of the Constitution and statutes of the State and therefore, the legislative grant of power as contained in section 2 of article IX, of the Constitution was properly effectuated by the Legislature through section 33 of the Municipal Home Rule Law and that section 206 of the Suffolk County Charter was duly enacted pursuant to the power conferred upon the county by subdivision 2 of section 33 of the Municipal Home Rule Law.
Even if section 400 of the County Law is a general law so that it may not be superseded by a "charter” county law (which this court most emphatically does not concede) it has been held that the power of the Governor under subdivision 7 of section 400 to appoint to vacancies applies only to those offices specifically enumerated in subdivision 1 of section 400; since the office of County Legislator is not enumerated in subdivision 1 of section 400 the Governor’s power to appoint to a vacancy does not arise under subdivision 7 of section 400. (Matter of Conole v County Legislature, Sup Ct, Albany County, May 14,1971, Larkin, J.)
Alternatively the Governor’s authority to appoint to the instant vacancy may arise from section 43 of the Public Officers Law.
"§ 43. Filling other vacancies.
"If a vacancy shall occur, otherwise than by expiration of term, with no provision of law for filling the same, if the office be elective, the governor shall appoint a person to execute the duties thereof until the vacancy shall be filled by an election.”
Section 206 of the County Charter constitutes a provision of law for filling vacancies in the office of County Legislator so that such office is not within the powers of the Governor to fill by appointment.
Accordingly the amended petition of Nydick and Lambert is dismissed on the merits and a writ of prohibition will issue against the respondents Governor Hugh L. Carey and Richard G. Lambert prohibiting the respondent Carey from making any appointment to fill the vacant position of County Legislator from the Eleventh Legislative District and prohibiting the respondent Lambert from purporting to exercise any authority pursuant to such an appointment.
Upon the argument of these petitions all parties agreed that in the interest of proper governmental function that the successful supplicant, whoever he might be, be temporarily *792 enjoined from acting in office in order to permit appeal. Therefore the petitioner William E. Gerdts will be temporarily stayed from entering upon the duties of his office for a period of 48 hours after service of a copy of the judgment to be entered herein upon the respondent Lambert and the Attorney-General in order to permit the respondents Lambert and Carey time within which to appeal and make application to the Appellate Division of this court.