IRA NYDICK et. al., Appellants, v SUFFOLK COUNTY LEGISLA-TURE, Respondent.

In the Matter of the SUFFOLK COUNTY LEGISLATURE, Respondent, v HUGH L. CAREY, as Governor of the State of New York, et al., Appellants.

Second Department, April 16, 1975

*David C. Weisberg (John Armentano* of counsel), for Ira Nydick and another, appellants.

*Howard E. Pachman (Stanley S. Corwin* and *Alfred Jackson, Jr.,* of counsel), for Suffolk County Legislature, respondent.

*Louis J. Lefkowitz, Attorney-General (Samuel Hirshowitz* and *Michael P. Fogarty* of counsel), for Hugh L. Carey, appellant.

*Donald E. Keinz, County Attorney (Rocco S. Mascaro* of counsel), for County of Oneida, *amicus curiae.*

*Per Curiam.* On January 10, 1975, as a result of the resignation of Thomas Downey, a vacancy was created in the office of County Legislator for the Eleventh Legislative District, Suffolk County, New York. Immediately thereafter the Governor of the State of New York appointed Richard Lambert to fill the vacancy. By resolution adopted January 14, 1975 the Suffolk County Legislature appointed William E. Gerdts to fill the same vacancy.

The appointment by the Governor was made under the authority of section 400 of the County Law which provides, in part, as follows:

"§ 400. Officers; manner of selection; term; vacancies.

"1. Elective. There shall be elected a sheriff, county clerk, district attorney and county treasurer. * * *

"7. Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment and for the office of sheriff with the advice and consent of the senate if in session."

The appointment by the Suffolk County Legislature was made under the authority of subdivision (a) of section 206 of the Suffolk County Charter which provides:

"(a) If a vacancy occurs in the office of county legislator, otherwise than by expiration of the term, the county legislature shall fill the office within thirty days of the vacancy by appointment of a resident of the district who qualifies under section two hundred four to hold office as a county legislator." (L. 1958, ch. 278, as amd. by Local Laws, 1969, No. 16 of County of Suffolk.)

Petitioners Nydick (a member of the Suffolk County Legislature from the Sixteenth Legislative District) and Lambert instituted a proceeding pursuant to CPLR article 78 to vacate the appointment of Gerdts and to enjoin the Suffolk County Legislature from making any further appointment to fill the vacancy. The Suffolk County Legislature commenced a proceeding to annul the gubernatorial appointment. The two proceedings have been consolidated.

The judgment appealed from dismissed the Nydick-Lambert petition; granted the petition of the Suffolk County Legislature; prohibited Governor Carey from making any appoint-

ment to fill the vacancy; and annulled any such appointment made by the Governor to fill the vacancy.

We are in accord with the well-reasoned opinion at the Special Term and, consequently, the judgment should be affirmed.

Appellant Lambert urges that the Special Term erred in denying his application to dismiss the proceeding brought by the Suffolk County Legislature on the ground that no resolution was ever adopted by the said Legislature authorizing such a proceeding. Appellant Governor Carey has interposed no such objection to the petition and has appeared in the proceeding by the Attorney-General and has answered on the merits.

In our opinion the issue raised by appellant Lambert is academic since the determinations herein could have been made solely within the Nydick-Lambert proceeding.

GULOTTA, P. J., RABIN, HOPKINS, MUNDER and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated February 5, 1975, affirmed, without costs.