HON. JOHN V. SIMON
County Attorney, Niagara County
This is in response to the letter of Miles A. Lance, Assistant County Attorney, wherein he asks for an opinion of the Attorney General whether or not the Niagara County Executive has the power to remove the Niagara County Attorney who was appointed pursuant to Article XVI of the Niagara County Charter. Section 1601, contained in said Article, provides, in part:
 "There shall be a department of law headed by the County Attorney, who shall be appointed by, and whose term shall be the same as the County Executive. * * *"
Section 2303, contained in Article XXIII of the Niagara County Charter, further provides:
 "* * * Any county officer appointed by the county executive for a definite term or whose appointment is subject to confirmation by the County Legislature may be removed prior to the end of such term, after receipt of written notice from the county executive. A copy of such notice shall be filed in the office of the Clerk of the County Legislature."
New York State Constitution, Article IX, § 2(c) (1), provides, in part:
 `(c) In addition to powers granted in the statute of local governments or any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
 `(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office,
compensation, hours of work, protection, welfare and safety of its officers and employees * * *." (Emphasis supplied.)
In addition, this provision is augmented by Municipal Home Rule Law, § 10(1) (a), with the proviso that such local law is "not inconsistent with the provisions of the constitution or not inconsistent with any general law * * *."
New York State Constitution, Article IX, § 1(h) (1), provides in part:
 `(h) (1) Counties, other than those wholly included within a city, shall be empowered by general law,
or by special law enacted upon county request pursuant to section two of this article, to adopt, amend or repeal alternative forms of county government provided by the legislature or to prepare, adopt, amend or repeal alternative forms of their own. * * *" (Emphasis supplied.)
Pursuant to such authority, the State Legislature by Laws of 1963, chapter 843, effective January 1, 1964, adopted "The County Charter Law" which is contained in Part I of Article 4 of the Municipal Home Rule Law. Municipal Home Rule Law, § 33(3) (b), provides that a county charter shall provide for:
 `b. The agencies or officers responsible for the performance of the functions, powers and duties of the county and of any agencies or officers thereof and the manner of election or appointment, terms of office, if any, and removal of such officers." (Emphasis supplied.)
However, such power is subject to the restrictions in the Constitution in the County Charter Law or any other applicable law (Municipal Home Rule Law, § 33[1]).
County Law, § 500, provides, in part:
 `1. The board of supervisors of each county shall appoint a resident attorney-at-law as county attorney for the term of office for which the then members of such board were elected. * * *" (Emphasis supplied.)
Municipal Home Rule Law, § 2(5), defines a "General Law" to be:
 "A State statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." (Emphasis supplied.)
From all of the foregoing, we conclude that while both under the New York State Constitution and the Municipal Home Rule Law, authority is given to counties to provide by local law for terms of office and hours of work of its officers and employees; nevertheless, the County Legislature of the County of Niagara may not fix the term of office of its County Attorney through such local law, and is to appoint a resident attorney-at-law as county attorney for the term of office for which the then members of such board were elected notwithstanding the provisions of Niagara County Charter, §§ 1601 and 2303, in view of the inconsistent provisions of County Law, § 500(1). Accordingly, the Niagara County Executive is not authorized, at his pleasure, to remove the Niagara County Attorney during such term for which he was appointed (cf. Nydick v. Suffolk County Legislature,81 Misc.2d 786, affd. 47 A.D.2d 241, affd. without opinion 36 N.Y.2d 951
[1975]).