Hon. John A. Porco County Attorney, Putnam County
This is in response to the letter of Anthony G. Maccarini, Assistant County Attorney, requesting an opinion of the Attorney General as to the authority of the Putnam County Executive to exercise his power of appointment of a County Attorney and other department heads on January 1, 1979, the date that he assumes office. The County officers were appointed on January 2, 1978 by the County Board of Supervisors, which Board will leave office on December 31, 1979.
The Putnam County Charter was approved by the qualified electors of Putnam County on November 8, 1977, to be effective on January 1, 1979 with an exception not pertinent to this opinion (Putnam County Charter, § 15.01).
Putnam County Charter, § 3.03, provides in part:
 "The County Executive shall appoint the heads of all County departments and administrative units not administered by elected officials except as otherwise provided by law or this Charter. * * *"
Putnam County Charter, § 15.01, provides in part:
 "* * * A County Executive shall be elected in November, 1978, to begin his term on the first (1st) day of January, 1979. The members of the County Legislature shall be elected in November, 1979, to take office on the first (1st) day of January, 1980."
Putnam County Charter, § 15.02, provides in part:
 "* * * Any officer appointed to a term subsequent to the establishment of this Charter and prior to its effective date shall serve for a term to expire the thirty-first (31st) day of December, 1978."
The authority for the above Putnam County Charter provision derives from Municipal Home Rule Law, § 33 (4), which provides that a county charter may "[p]rovide for the termination of the terms of office of existing officers."
County Law, § 400 (4), provides for the appointment of county officers.
The decision in Nydick v Suffolk County Legislature, 81 Misc.2d 786
(Special Term, Suffolk County, 1975), affd 47 A.D.2d 241, affd36 N.Y.2d 951, states that the provisions of the Suffolk County Charter have precedence over County Law, § 400 (7), relating to the filling of vacancies for the reason that:
 "* * * Section 400 of the County Law is not a general law within the meaning of the Constitution and statutes of the state and therefore, the legislative grant of power as contained in Article 9, Section 2 of the Constitution was properly effectuated by the Legislature through Section 33 of the Municipal Home Rule Law and that Section 206 of the Suffolk County Charter was duly enacted pursuant to the power conferred upon the county by Section 33 (2) of the Municipal Home Rule Law."
For the same reasons as those given in the above case, we feel that Municipal Home Rule Law, § 33 (4), provides the authority for the "charter" counties to appoint county officers to terms of office other than those found in the County Law.
We conclude that the term of office of the Putnam County officers appointed pursuant to authority of County Law, § 400 (4), expires on December 31, 1978, as provided for in Putnam County Charter, § 15.02; and the County Executive may thereafter appoint qualified officers of his choice, subject to the approval of the County legislative body, when he takes office on January 1, 1979.