■ ALBERT GOLDSTEIN, Appellant, v HELVETIA CONSTRUCTION CORPORATION et al., Respondents, et al., Defendants.—Appeal from so much of an order of the Supreme Court at Special Term, entered January 29, 1979 in Sullivan County, which granted a motion by defendants Helvetia Construction Corporation and Marcel Witschard for summary judgment. Plaintiff and defendant Irene Goldstein were the owners of real property located in the Town of Fallsburg in Sullivan County. When the 1971 real property taxes on this land were not paid, defendant County of Sullivan initiated tax sale proceedings pursuant to article 10 of the Real Property Tax Law to collect the delinquent taxes, and said property was purchased by the County of Sullivan at a tax sale in July, 1972. Thereafter, when Albert and Irene Goldstein failed to exercise their statutory right of redemption, the land was conveyed to the county by a tax sale deed dated September 4, 1975. The County of Sullivan then conveyed all of its interest in the parcel to defendant Helvetia Construction Corporation on December 8, 1975. Plaintiff

subsequently commenced this action to quiet title and appeals from that portion of Special Term's order which granted a motion by the corporation and its president for summary judgment. Plaintiff argues that the tax sale deed should be declared void and all rights thereunder quieted on the ground that he did not receive personal notice of the tax sale proceedings. The gravamen for this argument appears to be a notice of sale sent during August of 1975 by certified mail to the Goldsteins at their record address of 3427 Bedford Avenue, Brooklyn, New York. Although Irene Goldstein signed the return receipt, plaintiff claims that he never knew of the proceedings since he and Irene were divorced in June of 1972 and he no longer resided at the Brooklyn address. Plaintiffs' argument must fail. The statutes in effect during the relevant time periods did not require that actual notice be given to owners of real property regarding tax sales and rights of redemption. Sections 1002 and 1014 of the Real Property Tax Law only mandated that notice by publication be given, a requirement which was held constitutionally permissible in *Botens v Aronauer* (32 NY2d 243, app dsmd 414 US 1059). Where, as here, plaintiff does not allege any irregularity in the manner of publication, it is presumed that all of the notice requirements have been complied with (Real Property Tax Law, § 1020). Following the suggestion of the Court of Appeals in *Botens v Aronauer (supra)* that the notice provisions be changed to better apprise landowners of tax sale proceedings, the Legislature amended sections 1002 and 1014 of the Real Property Tax Law in 1976 (L 1976, ch 355, eff June 15, 1976) to require that notice be sent by "first class mail to the name and address of the owner or occupant, as shown on the assessment roll" in addition to being published. Plaintiff offers no authority to support his contention that the 1976 amendments should be applied retroactively to the tax sale proceedings in issue, and we see no reason why they should be given such effect. However, we do note that, assuming, *arguendo,* the amendments did have retroactive application, the August, 1975 letter sent to plaintiff and Irene Goldstein would have complied with statutory requirements. There being no other objection to the deed of Helvetia Construction Corporation other than plaintiffs' lack of personal notice of sale, Special Term correctly granted the motion for summary judgment and, accordingly, its order must be affirmed. Order affirmed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.