Michael R. Wright, Esq. Chief Assistant County Attorney, Broome
You have asked whether your charter county may supersede the requirement in section 352(5) of the General Municipal Law that a public hearing be held prior to leasing of real property at a public airport.
Under section 352(5), a lease or contract by a municipality for the operation of a public airport or for provision of various services at a public airport may not be entered into until a public hearing on notice is conducted. You have indicated that your county has conducted the required hearings in the past and that no one has ever attended the hearings. It is your conclusion that these hearings are burdensome and do not appear to serve any useful purpose.
Article IX, section 1(h) of the New York State Constitution requires that the Legislature authorize counties to adopt, amend or repeal alternative forms of county government (charters). This provision has been implemented by the Legislature through the adoption of Article 4 of the Municipal Home Rule Law, also referred to as the "County Charter Law". The County Charter Law authorizes a county to adopt, amend or repeal a county charter, setting forth the structure of county government and the manner in which it is to function (Municipal Home Rule Law, § 33[1], [2]). Unlike local laws adopted by a local government which are required to be consistent with general State laws (NY Const, Art IX, § 2[c]), neither the Constitution nor the County Charter Law requires that charter laws be consistent with general State laws (Matter of Smithtown vHowell, 31 N.Y.2d 365 [1972]; Matter of Heimbach v Mills, 67 A.D.2d 731
[2d Dept, 1979]).
The County Charter Law establishes certain limitations and restrictions on the power to adopt or amend county charters (Municipal Home Rule Law, § 34). None of these restrictions, however, relate to the procedures for the transfer of interests in real property.
In our view, the establishment of a public airport and of procedures for transferring interests in airport property are matters within the scope of power granted to counties to adopt and amend county charters. This is because the establishment of a county airport, and its operation either by the county or under concessions, contracts or leases are matters relating to the manner in which county government is to function. Therefore, your county may amend its charter to establish a procedure for the transfer of interests in airport property, that need not be consistent with the provisions of section 352 of the General Municipal Law.
Moreover, section 352(5) also may be amended by local law. As we noted, unlike charter laws, local laws must be consistent with general State laws (Municipal Home Rule Law, § 10[1]). As applied to counties, a general law is a law which in terms and in effect applies alike to all counties, or all counties other than those wholly included within a city (id., § 2[5]). It appears that section 352(5) of the General Municipal Law is not by its terms a general law, because under the County Charter Law counties may establish different procedures for transfer of interests in airport property (Nydick v Suffolk Co. Legislature,81 Misc.2d 786 [Sup Ct, 1975], affd 47 A.D.2d 241 [2d Dept, 1975], affd36 N.Y.2d 951 [1975]). Further, once a charter county has acted to supersede or amend section 352, to the extent of the amendment or supersession the State law would no longer in effect be a general State law. As a special law (Municipal Home Rule Law, § 2[12]), any county by local law can amend or supersede its provisions.
Thus, a county may determine the procedure for lease of airport property. We note, however, that the public interest must be served by the proposed method of transfer (see Op Atty Gen No. 81-37).
We conclude that a county by charter law or local law may establish a procedure for the transfer of interests in airport property which varies from the procedure established by section 352 of the General Municipal Law.