James A. Haynes, Jr., Esq. County Attorney, Chenango
In a recent telephone conversation elaborating on your request for an opinion, you have asked that we consider whether a county by local law may establish a procedure for the designation of an official newspaper different from that provided by section 214 of the County Law.
Section 214(1) of the County Law prescribes the procedure for the designation of newspapers for the publication of concurrent resolutions, election notices and the official canvass:
 "The members of the county legislative body, whether such body be denominated board of supervisors, county legislature or otherwise, or, in the city of New York, of the council of such city representing respectively each of the two principal political parties into which the people of the state are divided, shall designate annually the newspaper published within the county to publish the concurrent resolutions of the legislature. Such designation shall be in writing and signed by a majority of the members representing each of said political parties. In making such designation, consideration shall be given to the newspapers advocating the principles of such political party, the support of its nominees and the extent of the circulation in the county. However the fact that a newspaper is an independent newspaper not advocating the principles of any political party shall not disqualify it from consideration. If there be but one newspaper published in the county, such newspaper shall be designated."
When applied, this procedure does not necessarily provide for the best notice to residents of the county (Botens v Aronauer, 66 Misc.2d 5 [Sup Ct, Orange Co, 1971], revd 38 A.D.2d 969 [2d Dept, 1972], affd32 N.Y.2d 243 [1973]). For these reasons, the Court of Appeals expressed reservations about the wisdom of the procedures established by section214 of the County Law but indicated that this is a matter for consideration by the State Legislature (id., 32 N.Y.2d at 249-250).
Section 2 of the County Law provides that provisions of the County Law that are in conflict with a charter law enacted by a charter county or a local law enacted by such a county, do not apply to the county "unless a contrary intent is expressly stated" in the provision (County Law, § 2). Section 214 includes no "contrary intent", thus permitting a charter county by charter law or local law to be inconsistent with its provisions. Further, because of the exception for charter counties, section 214 is not a "general law" in that its terms do not apply alike to all counties, or to all counties other than those wholly included within a city (NY Const, Art IX, § 3[d][1]; Nydick v Suffolk CountyLegislature, 81 Misc.2d 786 [Sup Ct, Suffolk Co, 1975), affd 47 A.D.2d 241
[2d Dept, 1975], affd 36 N.Y.2d 951 [1975]). Local governments, including counties, are authorized to enact local laws that are consistent with the Constitution and general State laws, in relation to their property, affairs or government and the transaction of governmental business (NY Const, Art IX, § 2[c]). In our view, the establishment of a procedure for the selection of the official newspaper in within the scope of this grant of home rule power. Thus, a non-charter county may adopt a local law inconsistent with the provisions of section 214. Charter laws and local laws establishing a different procedure must, however, comply with due process standards.
We conclude that a county by local law may establish a procedure for the designation of the official newspaper that is inconsistent with the provisions of section 214 of the County Law.