Darren B. Derosia, Esq. Informal Opinion Corporation Counsel No. 2002-6 City of Cohoes City Hall 97 Mohawk Street Cohoes, N.Y. 12047-2897
Dear Mr. Derosia:
You have asked whether the City of Cohoes may adopt a local law permitting a city court judge appointed by the City of Cohoes to reside outside Cohoes, but within the County of Albany. As you acknowledge in your letter, this law would be inconsistent with Public Officers Law § 3 and Uniform City Court Act § 2104, both of which require a city court judge to be a resident of the city in which he or she is elected or appointed. We conclude that the City of Cohoes may not adopt a local law concerning the residency requirements for city court judges that is inconsistent with these two State laws.
Article IX of the New York State Constitution confers on local governments the power to adopt local laws that are not inconsistent with the Constitution itself or with any "general law" enacted by the Legislature. N.Y. Const., art. IX, § 2(c). Accordingly, when a local government adopts a law that is inconsistent with a State statute, the validity of the local law often will depend on whether the State statute qualifies as a "general law" under article IX, § 3 of the State Constitution. See, e.g., Nydick v. Suffolk County Legislature,81 Misc.2d 786, 791 (Sup.Ct. Suffolk Co. 1975), aff'd 47 A.D.2d 241 (2d Dep't 1975), aff'd 36 N.Y.2d 951 (1975). As you point out, it is arguable that neither Public Officers Law § 3 nor Uniform City Court Act § 2104 qualifies as a "general law," because both provisions exempt some cities from the general requirement that city court judges be residents of the cities in which they are elected or appointed.
But regardless of whether these statutes are "general laws," article IX, § 3(a) of the State Constitution appears to foreclose the adoption of the local law you describe. Subsection 3(a) of article IX imposes several specific limitations on the home rule powers conferred on local governments by the Constitution. It provides in relevant part:
 Except as expressly provided, nothing in this article shall restrict or impair any power of the legislature in relation to:
. . .
 (2) The courts as required or provided by article VI of this constitution . . . .
N.Y. Const., art. IX, § 3(a). In effect, this section precludes the adoption of any local law that is inconsistent with a State law, if the State law was enacted pursuant to the Legislature's constitutional authority over the courts as set forth in article VI.
A similar restriction appears in Municipal Home Rule Law § 11, which provides that a local legislative body "shall not be deemed authorized by this chapter to adopt a local law which supersedes a State statute, if such local law . . . [a]pplies or affects the courts as required or provided by article six of the constitution." See Adler v. Deegan,251 N.Y. 467, 489 (1929) (Cardozo, J., concurring) (characterizing "the organization of the courts" and "the procedure therein" as "affairs exclusively those of the State").
Among the powers that article VI of the Constitution specifically confers on the Legislature "in relation to . . . the courts" is the power to prescribe the qualifications for city court judges. This power is set forth in article VI, § 20(c), which provides in relevant part:
 Qualifications for and restrictions upon the judges of district, town, village or city courts outside the city of New York, other than such qualifications and restrictions specifically set forth in subdivision a of this section, shall be prescribed by the legislature, provided, however, that the legislature shall require a course of training and education to be completed by the justices of town and village courts selected after the effective date of this article who have not been admitted to practice law in this state.
N.Y. Const., art. VI, § 20(c). Because article VI specifically provides the Legislature with the power to prescribe the qualifications of city court judges, local governments are foreclosed, both by article IX, § 3(a) and by Municipal Home Rule Law § 11, from enacting local laws inconsistent with State laws concerning the "qualifications" of city court judges.[1]
As you acknowledge in your letter, residency requirements are a form of "qualification." The description accorded to these requirements by numerous state statutes reinforce this conclusion. For example, the statute that establishes a residency requirement for city officers, Public Officers Law § 3, is entitled "Qualifications for holding office." See also Education Law § 2603 (entitled "Qualifications of voters"; includes residency requirement); Election Law § 5-102 (entitled "Qualifications of voters"; includes residency requirement); Indian Law § 152 (entitled "Qualifications for office"; includes residency requirement).
In summary, because residency is a "qualification" and the Constitution reserves to the Legislature the power to prescribe the qualifications of city court judges, a local legislative body may not adopt a local law that is inconsistent with a State law concerning the residency qualifications of city court judges.
This conclusion is consistent with conclusions reached in other informal opinions of the Attorney General. For example, in 1975, the Attorney General issued an informal opinion concluding that "[a] village has no authority to change by local law the residency qualification or restriction for its village justice." 1975 Op. Atty. Gen. (Inf.) 268. This conclusion was based on article IX, § 3(a) of the State Constitution, as well as on article VI, § 20(c) of the Constitution. The Attorney General summarized his reasoning as follows:
 The grant of Home Rule power contains a restriction on its use concerning matters judicial as contained in Article VI of the Constitution which states that the Legislature shall prescribe the qualifications for and restrictions upon the judges of local courts of inferior jurisdiction. The Legislature has set residency qualifications for and restrictions upon village justices. In our opinion, these may not be changed by local law.
1975 Op. Atty. Gen. (Inf.) 268, at 269. See also 1974 Op. Atty. Gen (Inf.) 66 (article IX, § 3(a) of Constitution forecloses local government from adopting local law inconsistent with State statute concerning residency qualification for city court judge).
We conclude that the City of Cohoes may not adopt a local law permitting a city court judge appointed by the City of Cohoes to reside outside Cohoes, but within the County of Albany. Such a local law would be inconsistent with State laws establishing a residency qualification for city court judges, and therefore would intrude impermissibly upon the State Legislature's constitutional power to prescribe the qualifications of judges.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By:___________________________
ERIC JOHNSON
Assistant Solicitor General
[1] In your letter, you note that article VI, § 17, which confers on the Legislature the power to "regulate" the city courts, contains no reference to qualifications for city court judges. This provision, however, does not alter our conclusion. Because article VI, § 20 specifically confers on the Legislature the power to prescribe the qualifications of city court judges, the absence of such a provision in § 17 plainly has no significance as to whether such authority is reserved to the Legislature.