Hugh L. Carey, as Governor of the State of New York, Respondent-Appellant, v Oswego County Legislature, Appellant-Respondent.

Third Department, January 6, 1983

APPEARANCES OF COUNSEL

*Robert J. Nicholson, County Attorney,* for appellant-respondent.

*Robert Abrams, Attorney-General (Lawrence L. Doolittle* of counsel), for respondent-appellant.

*James G. Sweeney* for New York State County Attorneys Association, *amicus curiae.*

OPINION OF THE COURT

Casey, J.

The Governor commenced the underlying declaratory judgment action to compel a declaration that he has the

exclusive right to appoint an interim District Attorney to the vacancy existing in that office in Oswego County by the resignation of the incumbent on April 28, 1982. In opposition, defendant claims that a grant of such authority to plaintiff would violate the home rule provisions of article IX of the State Constitution by rendering ineffective a duly enacted local law vesting the power of appointment in the county legislature. After issue was joined, both parties moved for summary judgment. While these motions were pending the parties agreed not to attempt an appointment. When Special Term granted plaintiff's motion, this court, on application of defendant, further stayed the appointment until the appeal from the judgment of Special Term could be heard and determined.

In granting plaintiff's motion, Special Term found that subdivision 7 of section 400 of the County Law compelled a declaration in favor of the Governor. That section states, in part: "Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment".

On this appeal defendant relies on *Matter of Resnick v County of Ulster* (44 NY2d 279) and *Nydick v Suffolk County Legislature* (81 Misc 2d 786, affd 47 AD2d 241, affd on opn of Special Term 36 NY2d 951) as authorities supportive of its contention that the home rule provisions of article IX of the State Constitution apply. Subdivision (b) of section 1 of that article provides that "[a]ll officers of every local government whose election or appointment is not provided for by the constitution shall be elected by the people of the local government, or of some division thereof, or appointed by such officers of the local government as may be provided by law". Defendant contends that subdivision (c) of section 2 of the same article gives the local government the power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law relating to the mode of selection and removal of its officers. Defendant thus concludes that filling the vacancy in the office of District Attorney is not provided for by the Constitution and that his appointment may be made by local legislators, acting pursuant to local law, since subdivision 7 of section 400 of the County Law, which vests

the power of appointment of "county officers" in the Governor, is not a general law pre-empting the enactment of a local law; nor is the local law inconsistent with the provisions of the Constitution.

The question of whether the office of District Attorney is a local office or State office was recently settled by the Court of Appeals in *Matter of Kelley v McGee* (57 NY2d 522, 534-535), where the court concluded that as a result of the "significant change in the relationship between county and State governments brought about by the home rule provisions of our State Constitution", District Attorneys must be considered local officers. That conclusion, however, did not end the court's inquiry into whether the State could regulate by statute the salary to be paid to District Attorneys. Upon further consideration of the matter, the court held "[i]t is obvious that the office of District Attorney, having as its responsibility the enforcement, on a local level, of the penal laws of this State and the representation of the people of this State in criminal matters arising within the county, is a matter of concern to the State" (*supra,* at p 539). Based upon this finding of a State concern, and upon a further finding that the classification among local governments created by section 183-a of the Judiciary Law, which imposes minimum salary requirements for District Attorneys upon counties depending upon their population, was reasonable, the court held that section 183-a "suffers no defect under the Constitution" (*supra,* at p 540).

In so holding, the court noted the counties' argument that section 183-a of the Judiciary Law was a "special law" which could not, under the home rule provisions of the Constitution, supersede local laws concerning the property, affairs or government of the local government (NY Const, art IX, § 2, subd [c]), but rejected this argument, concluding that it "misperceives the nature of the authority under which the Legislature has acted" (*Matter of Kelley v McGee, supra,* p 538). Relying upon *Uniformed Firefighters Assn. v City of New York* (50 NY2d 85) and *Wambat Realty Corp. v State of New York* (41 NY2d 490), the court reasoned that in areas of State-wide interest, the Legislature is free to act without being restricted by the municipal

home rule provisions of the State Constitution, and that the home rule powers will not be implicated even where the resulting legislation also affects local concerns (*supra,* at p 538).

The State concern relied upon for holding that the legislation regulating District Attorneys' salaries was not subject to the home rule restrictions involved the security, independence, competence and integrity of the person filling the office of District Attorney (*Matter of Kelley v McGee, supra,* p 539). There can be little doubt that a statute governing the filling of a vacancy in the office of District Attorney promotes that concern to the same if not an even greater degree than one fixing minimum salary requirements. Accordingly, *Matter of Kelley v McGee* (*supra*) clearly compels the finding that subdivision 7 of section 400 of the County Law, which authorizes the Governor to fill vacancies in elective county offices, is a valid State enactment which supersedes any inconsistent local law.

Defendant contends, however, that *Matter of Resnick v County of Ulster* (44 NY2d 279, *supra*) and *Nydick v Suffolk County Legislature* (81 Misc 2d 786, affd 47 AD2d 241, affd on opn of Special Term 36 NY2d 951, *supra*) preclude such a finding. In *Nydick* (*supra*) the court held that section 400 of the County Law was not a general law and, therefore, did not supersede inconsistent local laws on the subject of filling vacancies in the office of county legislator. *Resnick* (*supra*) adhered to that holding and indicated that the same conclusion obtained whether the form of county government was charter or noncharter (*Matter of Resnick v County of Ulster,* 44 NY2d 279, 287, *supra*). As noted above, the question of whether the State's enactment is a general law or local law is irrelevant where, as here, the concern prompting the legislation is of overriding State-wide interest. We find no incongruity in concluding that subdivision 7 of section 400 of the County Law supersedes inconsistent local laws providing for the filling of vacancies in the office of District Attorney, while it does not supersede those providing for the filling of vacancies in the office of county legislator, a purely local office under any standard. The significant and substantial differences between the State concerns in the two offices, as well as the

fact that District Attorneys are constitutional officers (NY Const, art XIII, § 13), provide a rational basis for the different treatment.

Defendant also contends that article IX (§ 1, subd [b]) of the State Constitution authorizes the local law at issue here, but that provision, by its own terms, does not apply to local governmental officers whose election or appointment is provided for by the Constitution. Section 13 of article XIII of the Constitution expressly provides for the election of District Attorneys, and, therefore, article IX (§ 1, subd [b]) is inapplicable.

Although Special Term should have transferred the matter to Oswego County upon defendant's motion for a change of venue (CPLR 504, subd 1), in the interests of judicial economy and in the absence of any objection, we have passed on the merits of the action.

The judgment should be affirmed, without costs.

SWEENEY, J. P., KANE, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed, without costs.