DOMINIC J. BARANELLO et al., Respondents-Appellants, v SUF-
FOLK COUNTY LEGISLATURE et al., Appellants-Respondents,
et al., Defendant. (Matter No. 1.)

DOMINIC J. BARANELLO et al., Respondents-Appellants, v SUF-
FOLK COUNTY LEGISLATURE et al., Appellants-Respondents,
et al., Respondent. (Matter No. 2.)

Second Department, March 23, 1987

### APPEARANCES OF COUNSEL

*Pachman & Oshrin, P. C. (Howard E. Pachman* of counsel), for Suffolk County Legislature and others, appellants-respondents.

*Reisman, Peirez, Reisman & Calica (Robert M. Calica* and *Myra L. Paiewonsky* of counsel), for Michael LoGrande, appellant-respondent.

*E. Thomas Boyle, P. C. (Neil H. Tiger* of counsel), for respondents-appellants.

### OPINION OF THE COURT

Per Curiam.

The Supreme Court has held that Suffolk County Charter

§ C3-10, pursuant to which a designated Deputy County Executive may succeed to the office of County Executive in the event of a vacancy in that office, is unconstitutional. We find that this holding is completely unfounded, and, accordingly, we reverse.

Suffolk County Charter § C3-8 provides that the County Executive may appoint one or more deputies to assist him in discharging the duties of his office. Under section C3-9 thereof, the County Executive is required to designate one of the deputies appointed under section C3-8 to perform his duties during his temporary absence or disability. In the event of a vacancy in the office of County Executive prior to the expiration of the incumbent's term of office, Suffolk County Charter § C3-10 provides that the deputy designated under section C3-9 shall become Acting County Executive until the vacancy is filled at a special election called by the Suffolk County Legislature or, if none is called, at the first general election after the occurrence of the vacancy.

In 1983, Peter Cohalan was elected to the office of Suffolk County Executive. His term of office began on January 1, 1984, and was to expire on December 31, 1987. On or about December 16, 1986, in accordance with Suffolk County Charter § C3-8, Mr. Cohalan appointed Michael LoGrande as a Deputy County Executive and on December 17, 1986, he designated Mr. LoGrande as the Deputy County Executive responsible to perform the duties of the County Executive in the event of the latter's disability or absence. On December 27, 1986, Mr. Cohalan resigned. Mr. LoGrande has, since that time, been exercising the powers, and has held himself accountable for the responsibility of the office of Suffolk County Executive pursuant to Suffolk County Charter § C3-10.

On January 26, 1987, the Suffolk County Legislature convened and resolved not to hold a special election for the purpose of choosing a County Executive. As a result of the resolution not to hold the special election permitted by Suffolk County Charter § C3-10 (b), Mr. LoGrande is authorized by section C3-10 (a) and (c) to continue as Acting County Executive until December 31, 1987.

The plaintiff-petitioners commenced these companion legal proceedings on or about January 13, 1987. They argue that the provisions of Suffolk County Charter § C3-10 are unconstitutional, and that Mr. LoGrande is, consequently, not authorized to serve as Acting County Executive. They seek, among

the many forms of relief requested in their petition and complaint, a judgment enjoining Mr. LoGrande from acting as County Executive, and directing the Suffolk County Legislature to provide for a special election, or, in the alternative, declaring that a special election may be held pursuant to Public Officers Law § 42 or § 43.

The Supreme Court determined the consolidated action and proceeding on February 9, 1987. In its decision, the court expressed its opinion that Suffolk County Charter § C3-10 is unconstitutional. Also, the court, while purporting, in its order and judgment, to deny the plaintiff-petitioners' request for injunctive relief, in effect deprived Mr. LoGrande of any legal authority to act as County Executive by declaring that he is "without the authority to continue to act in that capacity." The court also held that the mechanism available for filling the vacancy in the office of County Executive left by the resignation of Mr. Cohalan is provided in the Public Officers Law, which grants the Governor the discretion to proclaim a special election, and it held that the plaintiff-petitioner Sondra Bachety is entitled to attorneys' fees. This appeal followed.

It is a truism to say that the courts may not hold an otherwise valid legislative enactment unconstitutional unless it appears that the terms of that enactment are in conflict with some provision in the Constitution of the State or the United States. In light of this fundamental observation, we find that the most striking feature of the decision of the Supreme Court in this case is the absence from it of any reference to a passage from the State or Federal Constitutions which could be read as being inconsistent with the terms of that section of the Suffolk County Charter which the court declared to be unconstitutional. The conclusion reached by the Supreme Court rests instead upon a premise which is derived not from the language of the State or Federal Constitutions, but from an isolated statement contained in a decision of the Court of Appeals.

The Supreme Court based its decision upon a passage in the opinion of the Court of Appeals in *Matter of Roher v Dinkins* (32 NY2d 180, 188) wherein the court stated that "[i]t is axiomatic under our State Constitution that when a vacancy in elective office occurs, the vacancy must be filled by election in the shortest space of time reasonably possible. *(People ex rel. Weller* v. *Townsend,* 102 N. Y. 430; *Matter of MacAdams* v. *Cohen,* 236 App. Div. 361, affd. 260 N. Y. 559; *Matter of Mitchell* v. *Boyle,* 219 N. Y. 242.)" We are confident that the

Court of Appeals did not intend, by that statement, to pronounce that rule of law which the Supreme Court in this case derived from it, namely, a rule that vacancies in all elective offices must be filled by election "in the shortest space of time reasonably possible."

Our conclusion that there simply is no rule of constitutional law which mandates that vacancies in all elective offices—State-wide or local, constitutional or statutory—must be filled at an election held as soon after the occurrence of the vacancy as reasonably possible is an unavoidable one, since the State Constitution itself explicitly authorizes the filling of vacancies in a public office by way of appointment, subject only to the limitation that the person so appointed may hold office for no longer than the commencement of the political year following the first annual election held after the occurrence of the vacancy. Specifically, NY Constitution, article XIII, § 3 provides as follows: "The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy; provided, however, that nothing contained in this article shall prohibit the filling of vacancies on boards of education, including boards of education of community districts in the city school district of the city of New York, by appointment until the next regular school district election, whether or not such appointment shall extend beyond the thirty-first day of December in any year." The caveat in the latter portion of this section was adopted in 1977 with the obvious intent to nullify the 1973 holding of the Court of Appeals in *Matter of Roher v Dinkins (supra)* in which the court had applied the prior terms thereof to vacancies which occurred on a Board of Education, even though elections for such positions are, unlike elections for most other offices, not held in November.

NY Constitution, article XIII, § 3 provides explicit authority for allowing an appointed officer to succeed to an elective office, without the appointed officer having to submit to any election sooner than the next general election. The provision of the Suffolk County Charter now under review is in complete harmony with the Constitution in this regard. Suffolk County Charter § C3-10 (c) provides as follows: "(c) If the vacancy [in the office of County Executive] is not filled by special election under paragraph (b) of this section, it shall be

filled at the first general election after the occurrence of such vacancy at which such vacancy can lawfully be filled by election. At such general election the successor shall be elected for the balance of the unexpired term and shall take office on the first day of January following the election". Given the conformity which exists between the terms of Suffolk County Charter § C3-10 and those of NY Constitution, article XIII, § 3, it is difficult to justify the holding of the Supreme Court pursuant to which an election for the office of County Executive would have to be held sooner than November 1987, since the Constitution itself authorizes him to remain in office until December 31, 1987.

We do not mean to suggest, by referring to NY Constitution, article XIII, § 3, that the limitations which it imposes on the terms of certain appointed officers necessarily apply in this case. Although the charter provision in question employs the term "vacancy", it actually provides for "the automatic and instantaneous devolution of powers and duties" *(Matter of Burns v Kinley,* 60 NY2d 40, 43) rather than for a method of filling vacancies. This distinction was viewed as critical in *Matter of Burns v Kinley (supra),* in which the Court of Appeals upheld the validity of the General City Law § 2-a (1) and (2) pursuant to which the President of the Common Council of the City of Albany succeeded to the office of Mayor upon the former Mayor's death. The court held that the succeeding Mayor's term could last until the expiration of the former Mayor's term, regardless of the provisions of NY Constitution, article XIII, § 3. This holding, of course, demonstrates once more that there is no rule that elections to fill vacancies be held "in the shortest space of time reasonably possible". *(see also, Matter of Radich v Council of City of Lackawanna,* 61 NY2d 652, 654).

In short, there is nothing in the State Constitution which is inconsistent with Suffolk County Charter § C3-10, now under review. On the contrary, the charter provision in question is in total harmony with the one provision of the Constitution (NY Const, art XIII, § 3) with which it shares a common subject matter.

The plaintiff-petitioners also allude to the provisions of County Law § 400 (7), pursuant to which, with certain exceptions, "a vacancy in an elective county office, shall be filled by the governor by appointment". Any argument that Mr. LoGrande was not properly appointed based on this provision must fail for several reasons. The most obvious flaw in this

argument is that the provisions of the County Law have no application at all to the extent that they conflict with the provisions of the Suffolk County Charter *(see,* County Law § 2 [b]). Further, even with respect to noncharter counties, the Court of Appeals has held that vacancies in local offices (such as the office of County Legislator) may be filled by appointment in accordance with local laws which conflict with the County Law *(see, Matter of Resnick v County of Ulster,* 44 NY2d 279; *cf., Nydick v Suffolk County Legislature,* 36 NY2d 951, *affg* 47 AD2d 241, *affg* 81 Misc 2d 786). Clearly, the County Executive is a local officer, and not one whose authority touches upon " 'a matter of concern to the State' " *(cf., Carey v Oswego County Legislature,* 91 AD2d 62, 64, *affd* 59 NY2d 847 [holding that County Law § 400 (7) supersedes inconsistent local law in a noncharter county relating to filling of vacancy in office of District Attorney]) so that, even if Suffolk County were not a charter county, it could still provide by local law for the mode of succession described in section C3-10 of its charter.

The plaintiff-petitioners also allude to Public Officers Law §§ 42 and 43. Public Officers Law § 42 (3) provides that the Governor "may in his discretion make proclamation of a special election" upon the occurrence of a vacancy in an elective office "which cannot be filled by appointment for a period extending to or beyond the next general election". This provision is thus inapplicable, since the office of County Executive, assuming a vacancy in it ever existed *(cf., Matter of Burns v Kinley, supra),* could be, and was, filled by an appointment for a term extending at least until the general election of 1987. Similarly, Public Officers Law § 43, which is limited to cases in which vacancies occur "with no provision of law for filling the same", has no application here.

We note that it is not altogether clear what provision of law was relied upon by the Supreme Court in this case. The court's decision refers to Public Officers Law § 43, but that section provides for an appointment by the Governor. Public Officers Law § 42 (3) provides for the type of special election called for by the court. We also note that, although it invalidated Suffolk County Charter § C3-10, the court omitted any reference to Suffolk County Charter § C21-5 which governs the procedure for filling vacancies in county elective offices in which another procedure is not otherwise provided for by law or in the charter. If Suffolk County Charter § C3-10 were inapplicable, then pursuant to section C21-5, the vacancy left

by the resignation of Mr. Cohalan could be filled by a person appointed by the County Legislature. Clearly, resort to the provisions of the Public Officers Law referred to above would be necessary only if both sections C3-10 and C21-5 of the charter were invalid.

In the case of *Matter of Resnick v County of Ulster* (44 NY2d 279, 285, *supra*), the Court of Appeals stated: "The bill of rights for local governments directs that '[a]ll officers of local government whose election or appointment is not provided for by this constitution shall be elected by the people of the local government, or of some division thereof, or appointed by such officers of the local government as may be provided by law' (NY Const, art IX, § 1, subd [b]). The importance of this principle to the scheme of government in this State is emphasized by the specific grant of legislative authority to each local government to 'adopt and amend local laws [relating to the] mode of selection and removal * * * of its officers' (NY Const, art IX, § 2, subd [c], par [1]). Recognition of the force of this stress on home rule is further evidenced by its reiteration in the statute which effectuates the constitutional mandates (Municipal Home Rule Law, § 10, subd 1, par [ii], cl a, subcl [1]). 'We begin, therefore, with the premise that the State Constitution vests local government with the right to confer upon their officers the authority to appoint other officers of local government' *(Matter of Dworsky v Farano,* 41 NY2d 780, 781)."

Mr. LoGrande was duly appointed as a Deputy County Executive by Mr. Cohalan pursuant to Suffolk County Charter § C3-8 and was designated by the latter to perform his duties in the event of his temporary disability or absence, pursuant to section C3-9 thereof. By operation of section C3-10, Mr. LoGrande became the Acting County Executive upon the resignation of Mr. Cohalan.

It is clear that this method of succession provided for in Suffolk County Charter § C3-10 is in full accordance with the bill of rights for local governments contained in our State Constitution (NY Const, art IX, § 1). The charter provision under review is in full accordance with the powers conferred upon local governments by the Municipal Home Rule Law *(see,* Municipal Home Rule Law § 10) and is also in complete harmony with the only section in our State Constitution which bears directly on the filling of vacancies in elective office by appointment (NY Const, art XIII, § 3).

Neither the decision of the Supreme Court nor the arguments of the plaintiffs-petitioners on this appeal have cited any constitutional or statutory provision expressly or implicitly in conflict with Suffolk County Charter § C3-10.

Accordingly, the order and judgment under review should be reversed insofar as appealed from, the cross appeal should be dismissed as academic, it should be declared that Suffolk County Charter § C3-10 is constitutional and that Michael LoGrande is the lawful Acting Suffolk County Executive, and the complaint and petition should be dismissed in all other respects.

LAWRENCE, J. P., WEINSTEIN, KUNZEMAN and KOOPER, JJ., concur.

Ordered that the order and judgment is reversed insofar as appealed from, and it is declared that Suffolk County Charter § C3-10 is constitutional, and that Michael LoGrande is the lawful Acting Suffolk County Executive, and the complaint and petition are otherwise dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic and it is further,

Ordered that the appellants-respondents appearing separately and filing separate briefs are awarded one bill of costs.