■ In the Matter of CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent, v LOUIS HEIMBACH, as Orange County Executive, et al., Appellants.—In a hybrid proceeding pursuant to CPLR article 78 to compel the appointment of a Commissioner of Social Services of Orange County and an action, *inter alia,* for a judgment declaring Local Laws, 1982, No.3 of Orange County, invalid to the extent that it provides that the Commissioner of Social Services of Orange County shall serve at the pleasure of the County Executive, the Orange County Executive and the Orange County Legislature appeal from a judgment of the Supreme Court, Orange County (Hickman, J.), dated August 5, 1988, which (1) granted the petition in its entirety, (2) directed Louis Heimbach, as the Orange County Executive, to appoint a Commissioner of Social Services of Orange County for a term of five years in accordance with Social Services Law § 116, (3) declared that Local Laws, 1982, No. 3 of Orange County, is invalid to the extent that it provides that the Commissioner of Social Services of Orange County shall serve at the pleasure of the County Executive, and (4) denied the

respondents-defendants' motion to dismiss the hybrid proceeding and action.

Ordered that the judgment is affirmed, with costs.

The instant proceeding was commenced by the Commissioner of the New York State Department of Social Services (hereinafter the State Commissioner), *inter alia,* to compel the appellant Orange County Executive to comply with the provisions of Social Services Law § 116 by appointing a Commissioner of Social Services of Orange County for a five-year term. The petition was granted, and this appeal ensued. Upon oral argument of the appeal, the Orange County Attorney's office advised this court for the first time that the former Orange County Executive had in fact made such an appointment in November 1989, and the appointment was confirmed by the appellant Orange County Legislature on November 13, 1989. While this development would ordinarily render the appeal academic, the parties have further informed this court that the State Commissioner has not been supplied with a statement of the candidate's qualifications prior to the appointment, as required by 18 NYCRR 679.8. Hence, inasmuch as the State Commissioner apparently has not had an opportunity to issue an approval or disapproval of the appointment *(see,* 18 NYCRR 679.9), a controversy still exists in this case and the merits of the appeal are considered.

The Supreme Court properly granted the petition on the ground that the term of office of local commissioners of social services is a matter of State concern. The State has provided a five-year term of appointment for local commissioners *(see,* Social Services Law § 116 [1]), as well as regulations setting forth the qualifications a proposed local commissioner must possess in order to be approved by the Commissioner of the New York State Department of Social Services *(see,* 18 NYCRR part 679). One purpose of the five-year term of appointment required by Social Services Law § 116 (1) is to further the legitimate State interest of ensuring that local commissioners possess integrity, competence, and a measure of independence from local political pressures. Hence, while constitutional and statutory municipal home rule concerns have as their goal the prevention of unwarranted and possibly detrimental interference by the State in local affairs *(see generally, City of New York v State of New York,* 76 NY2d 479), the home rule powers are not implicated where, as here, the legislation is of overriding State-wide concern *(see, Matter of Kelley v McGee,* 57 NY2d 522; *Carey v Oswego County Legislature,* 91 AD2d 62, *affd* 59 NY2d 847). Moreover, insofar

as Local Laws, 1982, No. 3 of Orange County, provides that the Commissioner of Social Services for the county shall serve at the pleasure of the County Executive, it is inconsistent with and superseded by the requirement of Social Services Law § 116 (1) that the appointment of a local commissioner be for a term of five years. Accordingly, the Supreme Court acted properly in declaring that portion of the local law to be invalid and in directing the appellant Orange County Executive to appoint a Commissioner of Social Services for the county for a term of five years. The appointment must be made in accordance with Social Services Law § 116 as well as the applicable regulations of the State Commissioner (see, 18 NYCRR part 679). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.