Requestor: Alan Berman, Esq., Deputy Town Attorney Town of Ramapo 237 Route 59 Suffern, New York 10901
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the Town of Ramapo in Rockland County is authorized to enact a local law establishing, a five-member police commission.
You have indicated that the Town of Ramapo is governed by the Rockland County Police Act (L 1936, ch 526) which provides for the establishment, organization and operation of town police departments in all towns of the first class in the County of Rockland. L 1936, ch 526, §§ 1, 2.
Under the Rockland County Police Act, a town board may establish a board of police commissioners. L 1936, ch 526, § 2(B). Under the Act, a police commission is to consist of one or three commissioners. Ibid. If the town board appoints only one commissioner, it is also required to designate two members of the town board to serve as members of the police commission. Ibid. Once established, the police commissioners have and exercise all powers conferred upon the town board with respect to police matters. Ibid.
You have pointed out that the State Legislature, in enacting the Rockland County Police Act, has included restrictive language.
 "Notwithstanding any other provisions of law, the establishment, organization and operation and all matters concerning police or police departments in all towns of the first class in the county of Rockland shall be governed by the provisions of this act." L 1936, ch 526, § 1.
 "The provisions of any general law governing the organization and operation of town police departments not inconsistent with the provisions of this act shall apply in all cases not specifically provided for in this act." Id., § 12.
 "Nothing in this chapter contained shall deprive any person or persons of any of the benefits of any other provisions of law unless the same shall be inconsistent with the provisions of this chapter, and no other provision of law which may be inconsistent shall prevent the operation of the provisions of this chapter." L 1946, ch 941.
Your question is whether the Town of Ramapo, through the enactment of a local law may supersede provisions of the Rockland County Police Act to establish a five-member police commission. Under the provisions of the State Constitution and the Municipal Home Rule Law, local governments (including towns) are authorized to adopt and amend local laws not inconsistent with the provisions of the Constitution or with any general law relating to their property, affairs or government and in relation to delineated subjects, whether or not these subjects relate to property, affairs or government. N Y Const, Art IX, § 2(c); Municipal Home Rule Law §§ 10(1)(i), (ii). Thus, local laws are required to be consistent with "general" State laws. For home rule purposes a "general law" is
 "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." Municipal Home Rule Law § 2(5).
Since the Rockland County Police Act applies only to towns of the first class in Rockland County, clearly it is a not general law for home rule purposes. Nor do we believe that the restrictive language in the Rockland County Police Act can prohibit the enactment of the proposed local law.
Under the home rule provisions of the State Constitution
 "(c) In addition to powers granted, in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government." NY Const, Art IX, § 2(c); emphasis supplied.
Under this provision, the Legislature is authorized to restrict expressly the adoption of a local law only in relation to "other than the property, affairs or government of such local government".
We have previously found that the structure of a town police department is within the property, affairs or government of a town. 1985 Op Atty Gen (Inf) 160. Thus, it seems clear that the Legislature cannot restrict the enactment of the proposed local law.* In finding that the determination of the structure of a town police department is within the property, affairs or government of a town, we stated:
 "In our view, determination of the structure of a town police department, establishment of positions and defining the powers and duties of these positions are matters within the `affairs and government' of the town (id., § 10[1][i]; N Y Const, Art IX, § 2[c][i]). Additionally, under Municipal Home Rule Law, § 10[1][ii][a][1] [see, also, N Y Const, Art IX, § 2[c][ii][1]), a town has considerable authority to establish and structure local positions. We have recognized the authority of municipalities to establish and structure police departments through the adoption of local laws (Op Atty Gen No. 85-60; 1982 Op Atty Gen [Inf] 80; 1980 Op Atty Gen [Inf] 269). The courts have recognized the extensive home rule authority of local governments with respect to local offices and positions (Resnick v County of Ulster, 44 N.Y.2d 279 [1978])."
We caution that in enacting the proposed local law, you must comply with section 22 of the Municipal Home Rule Law, which provides that in adopting a local law changing or superseding any provision of a State statute, the local legislative body must specify the chapter which it intends to change or supersede. Turnpike Woods v Town of Stony Point,70 N.Y.2d 735 (1987).
We conclude that the Town of Ramapo is authorized to enact a local law establishing a five-member police commission. Such a local law need not be consistent with the provisions of the Rockland County Police Act. That Act is a special, rather than a general law, under the home rule provisions of the Constitution. Further, the determination of the structure of local police departments is a subject within the property, affairs or government of a municipality.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* In contrast, where a subject is a "matter of State concern", the State Legislature is unrestricted by the home rule provisions of the Constitution and a local law dealing with the subject must be consistent with State law. Kelley v McGee, 57 N.Y.2d 522 (1982); Carey v OswegoCounty Legislature, 91 A.D.2d 62 (3d Dept), affd memo 59 N.Y.2d 847
(1983).