GREGORY BLASS et al., Respondents, v MARIO M. CUOMO, as Governor of the State of New York, et al., Appellants.

Second Department, May 28, 1991

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter H. Schiff* and *Lawrence L. Doolittle* of counsel), for Mario M. Cuomo, appellant.

*E. Thomas Boyle, County Attorney (Emily Pines* of counsel), for William G. Holst, appellant.

*Martin Bradley Ashare* for respondents.

**OPINION OF THE COURT**

Per Curiam.

The issue to be resolved on this appeal is whether the power to fill a vacancy for the office of County Clerk of the County of Suffolk rests with the Governor, by virtue of County Law § 400 (7), or the Suffolk County Executive with the approval of the County Legislature, by virtue of Suffolk County Charter § C18-3. The Supreme Court (145 Misc 2d 670) determined that the Governor was not so empowered. We disagree and, for the reasons which follow, reverse the order and judgment under review.

By way of pertinent factual background, Juliette Kinsella was duly elected Suffolk County Clerk for a four-year term commencing on January 1, 1987, and ending on December 31, 1990. Ms. Kinsella died on May 5, 1989, thereby creating a vacancy in the office of Suffolk County Clerk. Pursuant to Election Law § 4-106 (4), the Chief Deputy County Clerk notified the Commissioner of the Board of Elections, on May 9, 1989, that the vacancy existed. It was then requested that the position be placed on the ballot, to be voted on in November 1989 for the unexpired portion of the term. On May 23, 1989, the Governor, acting pursuant to County Law § 400 (7), appointed William G. Holst as County Clerk, for a term commencing immediately and expiring on December 31, 1989, to fill the vacancy created by the death of the incumbent.

On May 31, 1989, the plaintiffs, nine members of the Suffolk County Legislature, commenced this action, both in their

individual capacities and their capacities as Suffolk County Legislators, against the Governor and Holst. The plaintiffs sought a judgment declaring that (1) the power to fill a vacancy in the office of County Clerk of Suffolk County is vested in the Suffolk County Executive and Legislature pursuant to Suffolk County Charter § C18-3 (2), (2) the Governor was without power or authority to fill the vacancy, (3) the Governor's purported appointment of Holst was illegal, null and void, and (4) the person to be elected at the general election, which was to be held on November 7, 1989, should serve for the unexpired portion of the deceased former County Clerk's term after November 7, 1989. The plaintiffs also sought a judgment permanently enjoining Holst from performing the functions and exercising the powers and duties of Suffolk County Clerk.

The plaintiffs also moved for a preliminary injunction restraining Holst from performing the functions, *inter alia,* of Suffolk County Clerk. Holst and the Governor opposed the motion and sought summary judgment dismissing the complaint. On June 16, 1989, the Supreme Court granted the plaintiffs' motion to the extent of granting a preliminary injunction restraining Holst from terminating the employment of three named employees. This court affirmed *(see, Blass v Cuomo,* 154 AD2d 416). The Supreme Court, in the order and judgment appealed from, essentially granted all the relief sought in the plaintiffs' complaint.

NY Constitution, article XIII, § 13 (a), provides that "the clerk of each county shall be chosen by the electors once in every three or four years as the legislature shall direct". According to NY Constitution, article IX, § 1 (b): "All officers of every local government whose election or appointment is not provided for by this constitution shall be elected by the people of the local government, or of some division thereof, or appointed by such officers of the local government as may be provided by law". NY Constitution article IX, § 2 (c) (ii) (1) limits this home rule power somewhat by providing that local governments "shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the * * * mode of selection and removal * * * of its officers and employees".

Turning to the applicable provisions of the County Law, County Law § 400 (1) provides that there "shall be elected" a County Clerk. County Law § 400 (7), critical to the case at bar, provides that "a vacancy in an elective county office, shall be

filled by the governor by appointment". County Law § 2 (b), which is consistent with the home rule provisions of NY Constitution article IX, states: "The provisions of this chapter in so far as they are in conflict with or in limitation of a provision of any alternative form of county government heretofore or hereafter adopted by a county pursuant to section two of article nine of the constitution, or any administrative code, county government law or civil divisions act enacted by the legislature and applicable to such county as now in force or hereafter amended, or in conflict with any local law heretofore or hereafter adopted by a county under an optional or alternative form of county government, shall not be applicable to the county, unless a contrary intent is expressly stated in this chapter." It is well settled, however, that "the home rule provisions of article IX [of the NY Constitution] do not operate to restrict the Legislature in acting upon matters of State concern" *(Matter of Kelley v McGee,* 57 NY2d 522, 538; *see also, Matter of Resnick v County of Ulster,* 44 NY2d 279, 288; *Carey v Oswego County Legislature,* 91 AD2d 62, *affd* 59 NY2d 847).

Suffolk County, a chartered county, amended its charter in 1985 by Local Laws, 1985, No. 12 of the County of Suffolk, to add a provision that a vacancy in the position of County Clerk "shall be filled by appointment * * * by the County Executive with the approval of the County Legislature" (Suffolk County Charter § C18-3). If the office of County Clerk is a matter of State concern, State law concerning the filling of vacancies in that office takes precedence over a local law *(see, Carey v Oswego County Legislature,* 91 AD2d 62, 65, *supra).*

We find the office of County Clerk to be a quasi-State office. Pursuant to the Judiciary Law, the County Clerk is a part of New York State's Unified Court System as the Clerk of the Supreme Court *(see, Durante v Evans,* 94 AD2d 141, *affd* 62 NY2d 719). Moreover, in the recent decision of *National Westminster Bank v State of New York* (76 NY2d 507), the Court of Appeals, while acknowledging that the County Clerk performs both local functions, for which the State is not liable, and State functions, held the State liable in damages for the negligence of the Bronx County Clerk. Therefore, State law, rather than the local law in issue, is controlling in this case *(see, Carey v Oswego County Legislature,* 91 AD2d 62, 65, *supra).*

The plaintiffs' reliance upon our decision in *Baranello v Suffolk County Legislature* (126 AD2d 296) is misplaced. That

decision concerned the office of County Executive, a purely local office. We further note, that in *Nydick v Suffolk County Legislature* (81 Misc 2d 786, 791, *affd* 47 AD2d 241, *affd* 36 NY2d 951), the Supreme Court, in holding that County Law § 400 (7) was inapplicable to the office of Suffolk County Legislator, stated that "the power of the Governor under subdivision 7 of section 400 to appoint to vacancies applies only to those offices specifically enumerated in subdivision 1 of section 400". Therefore, these cases are both distinguishable from the instant case.

For these reasons, the Governor was vested with the power to fill a vacancy in the office of County Clerk of the County of Suffolk.

■ Although "the appeal has been rendered moot by the election of a [County Clerk], we deem it appropriate to reach the merits because of the substantial importance and recurring nature of the issue presented" *(Carey v Oswego County Legislature,* 59 NY2d 847, 849, *supra).*

THOMPSON, J. P., BROWN, KUNZEMAN and BALLETTA, JJ., concur.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion is denied, the cross motion is granted, and it is declared that pursuant to County Law § 400 (7), the Governor has the authority to fill a vacancy in the office of County Clerk of the County of Suffolk, and that authority takes precedence over the power of the Suffolk County Executive in Suffolk County Charter § C18-3.