OPINION OF THE COURT
James W. McCarthy, J.
The above-captioned matter is before this court pursuant to petitioner James McMahon’s petition, order to show cause, amended petition, and amended order to show cause filed pursuant to Election Law § 16-102 seeking an order:
“[1] invalidating the Certificates of Nomination of the Oswego County Conservative, Republican, and Democratic party committees as well as the Working Families Party of New York State and the Independence Party of the State of New York, filed with the Oswego County Board of Elections, which purport to nominate candidates for the position of County Clerk for the County of Oswego for the November 6, 2012 general election, and
“[2] enjoining the Oswego County Board of Elections from placing the names of Respondents Michael C. Backus and Phillip Vasho on the official ballot and voting machines as candidates for County Clerk for the November 6, 2012 election.”
The instant action was commenced by the filing of a petition and order to show cause on September 21, 2012. Thereafter, on September 26, 2012 petitioner filed an amended petition and show cause order naming as additional parties, the Working Families Party of the State of New York and Independence Party of the State of New York. Oral argument on the petition was heard by the court on October 4, 2012, at which time the court reserved decision. Having reviewed the submissions of the parties, for the reasons set forth below, this court makes the following findings of fact and conclusions of law.
Findings of Fact:
The facts underlying the instant petition are simple, straightforward and not in dispute. On September 3, 2012, George Wil *205 liams died, creating a vacancy in the position of Oswego County Clerk. On September 4, 2012, the vacancy was reported to the Oswego County Board of Elections and the Deputy County Clerk assumed the position of Oswego County Clerk. Thereafter, the respondents, Oswego County Republican, Conservative and Democratic Parties met for the purposes of nominating a candidate for the position of Oswego County Clerk. Following the meetings, on September 19, 2012, the Republican and Conservative Committees filed certificates of nomination with the Oswego County Board of Elections nominating the respondent Michael Backus as their respective candidate for the position of Oswego County Clerk, and the Democratic Committee filed its certificate of nomination nominating the respondent Phillip Vasho as its candidate for the position. Thereafter, on September 24, 2012, the Executive Board of the Working Families Party of the State of New York filed a certificate of nomination nominating respondent Vasho as its candidate, and on September 25, 2012, the Executive Board of the Independence Party of the State of New York filed a certificate of nomination with the Oswego County Board of Elections nominating respondent Backus as its candidate. It is not disputed that each candidate timely filed certificates of acceptance of the nominations.
Following the filing of the above-mentioned certificates of nomination, petitioner James McMahon timely filed notices of objection with the respondent Oswego County Board of Elections. His objections to each of the certificates of nomination were identical, alleging that
£‘[t]he Nominating Certificate[s] [are] defective, illegal and void. Specifically, New York County Law § 400[7] provides that a vacancy in the Office of County Clerk is initially filled by the governor, by appointment and then filled for a full term at the next general election, held not less than three months after the vacancy occurs. Here the vacancy in the Office of Oswego County Clerk occurred on September 3, 2012 [the date of death of the duly elected County Clerk], which is less than three months before the next General Election to be held on November 6, 2012. Accordingly, the vacancy in the elective office cannot be filed [sic] for a full term at the upcoming General Election. Rather, the vacancy shall be filled, initially, by Gubernatorial appointment, then properly and lawfully presented to the voters in Oswego County in the General Elec *206 tion of 2013. Consequently, a Nominating Certificate purporting to nominate a candidate for Oswego County Clerk at the upcoming 2012 General Election is defective, illegal and void.”
On September 27, 2012, the Oswego County Commissioners of the Board of Elections issued their decision, finding in sum and substance that the objections raised by petitioner involved issues of law, which could not be determined by the Board of Elections.
Distilled to its essence, petitioner’s challenge to the filed certificates of nomination is one of pure statutory construction and interpretation. More particularly, counsel for the petitioner argues that respondents’ purported reliance on the September 20 deadline for the filling of vacancies occurring in an office to be filled in a general election set forth in Public Officers Law § 42 (1) is misplaced, insofar as the provisions of County Law § 400 (7), more particularly a provision providing for vacancies occurring within three months of the general election, controls a vacancy in the office of county clerk. Insofar as the vacancy occurred within three months of the general election (vacancy Sept. 3, 2012, general election Nov. 6, 2012) the filed certificates of nomination are invalid and void.
In opposition, respondents’ counsel argues in sum and substance that the timing of the filing of certificates of nomination with respect to a vacancy in the office of county clerk is controlled by Public Officers Law § 42 (1), and that the three-month “deadline” set forth in the second sentence of County Law § 400 (7) is, by its history, enactment and terms, limited to the judicial offices specifically set forth therein.
Conclusions of Law:
As more fully set forth above, as framed by counsel for the respective parties, the court is faced with an issue of statutory construction, more particularly, the applicability of the second sentence of County Law § 400 (7) to a vacancy occurring in the office of county clerk. As with any question of statutory interpretation, the court must first start with the language of the statutes themselves. Public Officers Law § 42 (1) provides:
“A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the offices of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise *207 provided by the constitution, or unless previously filled at a special election.” (See also Election Law § 6-158 [14].)
County Law § 400 (1) and (7) provide, in pertinent part:
“1. Elective. There shall be elected a sheriff, county clerk, district attorney and county treasurer. . . . Unless otherwise provided in this chapter, the term of office of each such officer shall continue to be three years, except that the terms of office of sheriff, county clerk, county treasurer and coroner shall be four years from and including the first day of January next succeeding his election. There shall be elected a county judge, surrogate, and judge of the family court as now or hereafter provided by law. The term of office of each such judicial officer shall be ten years from and including the first day of January next succeeding his election. . . .
“7. Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment and for the office of sheriff with the advice and consent of the senate if in session. When a vacancy shall occur, otherwise than by expiration of term in the office of county judge, surrogate, or judge of the family court, it shall be filled for a full term at the next general election held not less than three months after such vacancy occurs and, until the vacancy shall be so filled, the governor by and with the advice and consent of the senate, if the senate shall be in session, or, if the senate not be in session, the governor may fill such vacancy by an appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled. A vacancy in the office of coroner shall be filled by the board of supervisors. Such officer shall hold office until and including the thirty-first day of December succeeding the first annual election at which the vacancy can be filled by election.”
In interpreting the foregoing provisions, counsel for the petitioner argues that the second sentence of County Law § 400 (7) dictates the time frame within which an election following a vacancy in the office of county clerk can be held, and that insofar as the statute is clear and unambiguous on its face, the court is constrained from accepting respondents’ counsels’ invitation to delve into its history and the legislative intent in its enactment. *208 However, because of the intricacies of and interplay between this statute, the Public Officers Law, Election Law and the New York State Constitution, in order to determine the issue before it, the cited provision of County Law § 400 (7) cannot, as counsel for the petitioner urges, be read in a vacuum.
It is axiomatic that “[i]n ascertaining the purpose and applicability of a statute, it is proper to consider the legislative history of the act, the circumstances surrounding the statute’s passage, and the history of the times.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 124.) More particularly:
“In the judicial construction of statutes it is relevant to consider the history of the act. Indeed, the purpose and applicability of a statute cannot be considered without first discussing its legislative history, and it has been held that legislative history is not to be ignored, even if words be clear.
“Further, in the construction of statutes it is relevant to consider the history of the times, the circumstances surrounding the statute’s passage . . . .” (McKinney’s Cons Laws of NY, Book 1, Statutes § 124, Comment at 251-253.)
As originally enacted in 1950 (L 1950, ch 691), County Law § 400 (7) provided (in pertinent part):
“Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment and for the offices of county judge, special county judge, surrogate, special surrogate and sheriff with the consent of the senate if in session. A vacancy in the office of county commissioner of public welfare shall be filled by the board of supervisors. Such officers shall hold office until and including the thirty-first day of December succeeding the first annual election at which the vacancy can be filled by election.”
For the purposes of the instant proceeding, the operative sections remained unchanged until 1962, when County Law § 400 (7) was amended by the Laws of 1962 (ch 689, § 8) effective September 1, 1962 as follows:
“Filling of vacancies. Except as hereinafter provided, a vacancy in an elective county office, shall be filled by the governor by appointment and for the [offices of county judge, special county judge, surrogate, special surrogate and] office of sheriff with the advice and consent of the senate if in session. When *209 a vacancy shall occur, otherwise than by expiration of term in the office of county judge, surrogate, or judge of the family court, it shall be filled for a full term at the next general election held not less than three months after such vacancy occurs and, until the vacancy shall be so filled, the governor by and with the advice and consent of the senate, if the senate shall be in session, or, if the senate not be in session, the governor may fill such vacancy by an appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled.” (Matter in italics is new, matter in brackets is old law to be omitted [both original to the text].)
The historical notes accompanying the amendment to the statute provide:
“Historical Note . . .
“Subd. 7. L.1962, c. 689, § 8, eff. Sept. 1, 1962, eliminated provisions which required the Governor with the advice and consent of the State to fill vacancies in the offices of county judge, special county judge, surrogate, and special surrogate, and inserted provisions requiring the positions of county judge, surrogate, or judge of the family court to be filled at the next general election held not less than three months after the vacancy occurs, and permitting the Governor to fill such vacancy by appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled.” (Historical Notes, McKinney’s Cons Laws of NY, Book 11, County Law § 400 at 349-350 [1972 ed].)
As amended effective September 1, 1962, New York State Constitution, article VI, § 21 (a), provided:
“§ 21. [Filling of vacancies occurring otherwise than by expiration of term of judge or justice]
“a. When a vacancy shall occur, otherwise than by expiration of term, in the office of justice of the supreme court, of judge of the county court, of judge of the surrogate’s court or judge of the family court outside the city of New York, it shall be filled for a full term at the next general election held not less than three months after such vacancy occurs and, until the vacancy shall be so filled, the governor by and with the advice and consent of the senate, if the *210 senate shall be in session, or, if the senate not be in session, the governor may fill such vacancy by an appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled.”
Prior to the effective date of its amendment in 1962, article VI, § 16 of the New York State Constitution provided:
“Vacancies occurring in the office of county judge, special county judge, surrogate, special surrogate . . . shall be filled by appointment by the governor by and with the advice and consent of the senate if in session, or if not in session, by the governor. Such appointment shall continue until and including the last day of December next after the election at which the vacancy shall be filled.”
Unlike the positions of judge of the county court, judge of the surrogate’s court or judge of the family court outside the City of New York, the New York State Constitution does not separately provide for the vacancy in the office of county clerk, other than in article XIII, § 3 (Public Officers) which provides in pertinent part:
“The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his or her office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.” (Emphasis added.)
In interpreting the purpose of article XIII, § 3, the Court of Appeals in Matter ofRoher v Dinkins (32 NY2d 180 [1973]) held:
“It is axiomatic under our State Constitution that when a vacancy in elective office occurs, the vacancy must be filled by election in the shortest space of time reasonably possible. (People ex rel. Weller v. Townsend, 102 N. Y. 430; Matter of MacAdams v. Cohen, 236 App. Div. 361, affd. 260 N. Y. 559; Matter of Mitchell v. Boyle, 219 N. Y. 242.)” (Id. at 188; see also Skelos v Paterson, 13 NY3d 141 [2009].)
Prior to the effective date of their amendment, neither article VI, § 16 (now article VI, § 21 of the New York State Constitution) nor County Law § 400 (7), the immediate predecessor article and statute, included the “three-month” provision relied upon by the petitioner in the instant action. The effective date *211 of both article VI, § 21 and County Law § 400 was September 1, 1962, and with the omission of a comma (and supreme court justices) in section 400 (7), the language of both the amendment and the second sentence of the statute is identical. It is axiomatic that
“[i]t is a universal principle in the interpretation of statutes that expressio unius est exclusio alterius. That is, to say, the specific mention of one person or thing implies the exclusion of other persons or thing. As otherwise expressed, where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, Comment at 411-412.)
As more fully set forth above, in amending County Law § 400 (7), the legislature excised reference to judicial offices in the first sentence of the predecessor statute, and specifically added a second sentence to the statute incorporating the language of article VI, § 21 (albeit with an omitted comma and supreme court justices), without including the remaining offices listed in County Law § 400 (1). Here, it is clear from the legislative history, amendments and enactments of article VI, § 21 and County Law § 400 (7) that it was the intent of the legislature to impose the three-month limitation only upon those offices listed within the second sentence of the statute.
The court further finds that respondents’ interpretation is consistent with Public Officers Law § 42 (1) which provides, in pertinent part:
“A vacancy occurring before September twentieth of any year in any office authorized to be filled at a general election, except in the offices of governor or lieutenant-governor, shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, or unless previously filled at a special election.” (Emphasis added; see also Election Law § 6-158 [14].)
In enacting both the Public Officers Law and Election Law, the legislature has evinced an intent to apply the September 20th deadline to vacancies occurring in public office, subject to the express provisions of the State Constitution. Here, the sole “three-month provision” with respect to vacancies appears in article VI, which deals exclusively with the judiciary, no such *212 provision appears in article XIII, which deals with public officers.
This interpretation is consistent with Justice McNamara’s decision in Dorfman v Berman (186 Misc 2d 415 [Sup Ct, Albany County 2000]), which concerned the resignation of the Albany County District Attorney effective September 19, 2000, and involved the constitutionality of Public Officers Law § 42 (1). In finding the statute constitutional, the court analyzed the interaction between the State Constitution, Public Officers Law § 42 and Election Law § 6-116, and found:
“To properly evaluate the procedure chosen by the Legislature for filling such a vacancy, note must be taken of the alternatives available to it. New York State Constitution, article XIII, § 3 provides that the ‘legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.’ Thus, in circumstances such as those found here, the vacancy could only be filled by an appointed officer through December 31 following the general election. If the office was not filled at the general election, the office would again be vacant after December 31. Furthermore, in the light of the command in section 3, the Legislature was obligated to provide a mechanism to fill vacancies. The scheme it devised with respect to vacancies in the office of District Attorney, and certain other offices, includes limited appointed terms (County Law § 400 [7]) and special elections (Public Officers Law § 42 [3]) all the while pointing to have the vacancy permanently filled in the next general election. In enacting Public Officers Law § 42 and Election Law § 6-116 the Legislature opted to continue the pattern of filling vacancies at the next general election even in circumstances where it occurred too late to allow for a primary election. Given the prudent constitutional limitation on appointments to fill vacancies and the obligation to fill vacancies, the legislative determination to fill vacancies in offices at the next general election, even in circumstances which would then *213 preclude a primary, was certainly reasonable.” (Dorfman at 418-419.)*
Lastly, the court is not persuaded by petitioner’s argument that the omission of a comma by the legislature in County Law § 400 (7) evinces an intent by the legislature to include every elected county office enumerated in section 400 (1) within the second sentence of the statute. The comments accompanying McKinney’s Statutes § 253 provide:
“Generally, statutes of this state are enacted as read and printed, so that the punctuation is a part of the act as passed and appears in the roll when filed with the Secretary of State. The punctuation, however, is subordinate to the text, and it is never allowed to control the plain meaning of the act. So it has been stated that in construing statutes it is not a safe rule to place too much reliance upon the punctuation, and that punctuation must not be allowed to interfere with a reasonable statutory construction. The courts, therefore, where it is necessary for the expounding of the legislative intent, will not hesitate to transpose a comma or other mark of punctuation or to change one mark for another which better represents the intention of the lawmakers.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 253, Comment at 417.)
The court cannot accept petitioner’s argument that the exclusion of a comma by the legislature evinced an intent to expand the reach of the “three-month” limitation to all offices set forth in County Law § 400 (1). Such an interpretation would, in essence, require the court to find that the legislature amended article XIII, § 3 of the State Constitution by adding the requirement that if a vacancy occurs in offices covered by County Law § 400 (1) no later than three months before the next general *214 election, then those offices would be elected at the general election in the next political year, a finding clearly unsupported by the plain language of the statute, its concurrent enactment with article VI, § 21 of the State Constitution, and its legislative history.
It is, therefore, ordered and adjudged, that petitioner James McMahon’s order to show cause, verified petition and amended order to show cause and amended verified petition are, in all respects denied and dismissed.

 The court is not persuaded that the Appellate Division, Second Department’s decision in Blass v Cuomo (168 AD2d 54 [2d Dept 1991]) compels a different result. That decision dealt solely with the authority of the Suffolk County Legislature to vest with the Suffolk County Executive and Legislature the power to appoint a county clerk upon vacancy. In invalidating Suffolk County’s legislation, the court found that “State law concerning the filling of vacancies in that office [county clerk] takes precedence over a local law (see, Carey v Oswego County Legislature, 91 AD2d 62, 65, supra).’’ (Id. at 57.) While the court held that vacancies in the office of county clerk are controlled by County Law § 400 (7), the court did not address the second sentence of the statute, insofar as the vacancy occurred more than three months before the general election.