*735 In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the County of Nassau and George Maragos, as Comptroller of the County of Nassau, from conducting an audit of a certain park district located within the Town of North Hempstead, and action, inter aha, for a judgment declaring that the Comptroller of the County of Nassau is without jurisdiction to audit a park district within a town and that section 402 (6) of the Nassau County Charter is unconstitutional to the extent that it authorizes such an audit, the Town of North Hempstead appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Sher, J.), entered June 20, 2011, as denied the petition and dismissed the proceeding.
Ordered that the order and judgment is affirmed insofar as appealed from, with costs.
The Town of North Hempstead commenced the instant hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition seeking to prohibit the County of Nassau and George Maragos, as Comptroller of the County of Nassau (hereinafter the County Comptroller), from conducting an allegedly unauthorized and unconstitutional audit of a certain park district located within the Town, in alleged violation of the New York Constitution, and action, inter alia, for certain related declaratory relief. The Supreme Court, among other things, denied the petition and dismissed the proceeding.
Contrary to the Town’s contention, the authority of the New York State Comptroller under NY Constitution, article VI, § 1, and General Municipal Law §§ 33 and 34, to audit political subdivisions of the State, such as the Town (see Town Law § 2; General Municipal Law § 100 [1]), is not intended to be exclusive. As such, the County Comptroller may properly audit the subject park district pursuant to the authority granted to county comptrollers by the New York State Legislature pursuant to L 1936, ch 879, § 402 (6), which Nassau County later adopted, to audit any town or special district within the relevant county (see Nassau County Charter § 402 [6]; see generally Matter of McCall v Barrios-Paoli, 93 NY2d 99,109 [1999]; People v Pagnotta, 25 NY2d 333, 337 [1969]; Baranello v Suffolk County Legislature, 126 AD2d 296, 299 [1987]; County of Nassau v Incorporated Vil. of Woodsburgh, 86 AD2d 856, 857 [1982], affd 58 NY2d 996 [1983]; cf. generally County of Westchester v Village of Mamaroneck, 22 AD2d 143, 148 [1964], affd 16 NY2d *736 940 [1965]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
The Town’s remaining contention is without merit. Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.